**Kristin L. HAUGEN, Appellant,**

v.

**Michael SUTHERLIN, et al., Appellees.**

**No. 86–5291.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 6, 1986.

Decided Nov. 3, 1986.

Kristen L. Haugen, Wayzata, Minn., for appellant.

Charles E. Spevacek, Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, HEANEY and WOLLMAN, Circuit Judges.

LAY, Chief Judge.

This is a pro se appeal brought by Kristen L. Haugen from a judgment entered in the United States District Court for the District of Minnesota. It involves a suit wherein some fifty-two defendants have been allegedly served by the United States Marshal without payment of fees due to the in forma pauperis status plaintiff occupied. The district court, the Honorable James Rosenbaum, dismissed her complaint with prejudice and enjoined her from further filing in the federal district court. Judge Rosenbaum likewise denied a motion to recuse himself in the proceeding.

This appeal followed. We find that plaintiff's appeal is frivolous on its face. We deem it unfortunate that plaintiff was allowed by the magistrate to proceed in forma pauperis in the district court at the government's expense and with service of process on some fifty-two defendants.[1] Under Title 28 U.S.C.A. § 1915 a complaint may be dismissed, after filing, but before service of process, if it is frivolous on its face.[2] See Martin-Trigona v. Stewart, 691 F.2d 856 (8th Cir.1982). Plaintiff's appeal here violates all of the rules in the Federal Rules of Appellate Procedure and our local Eighth Circuit rules pertaining to the form for briefs and record. The brief is totally unintelligible. Any further filings by plaintiff will result in sanctions to be imposed against her. The district court's orders of nonrecusal and dismissal are affirmed. The appeal is dismissed as frivolous.

---

1. Most of the defendants live in the State of Indiana. The process served on them was clearly invalid. The fact that plaintiff was suing members of the Indiana Supreme Court and the discipline committee of the Indiana Bar Association should have alerted the magistrate to the specious allegations made in her complaint.

2. Title 28 U.S.C.A. § 1915(d) (1982) reads: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." This clearly contemplates that the judge or magistrate review the complaint before granting a certificate in forma pauperis in order to see if the complaint should be dismissed as frivolous. In this case, the magistrate simply certified plaintiff as a pauper and let her proceed, without examining her complaint. The magistrate may certify that the plaintiff may proceed in forma pauperis, assuming verification that the plaintiff is a pauper, and may allow plaintiff to file the complaint without paying a filing fee. However, before requiring service of process on the defendants, the magistrate should evaluate the complaint to determine if it is frivolous on its face. If the magistrate determines it is frivolous, as this suit plainly was, then recommendation should be made to the district court that the complaint should be dismissed as frivolous without service of process taking place. Because this was not done here, the district court clerk's office and the United States marshal were put through the sisyphean task of serving invalid summonses on the multitude of defendants.