Kenneth **FREEMAN** (Hassan Muhammad), on Behalf of himself and the Muslim Community (Muslim Nation) members, Appellant,

v.

Alim **ABDULLAH**, Muslim coordinator for the Nebraska State Penitentiary, Jack Falkner, Director of Corrections, Harold Clarke, Warden, of the State Penitentiary, Appellees.

No. 90–2327.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1991.

Decided Feb. 8, 1991.

this reason, Judge Fagg does not join the court in the full affirmance of the district court's

judgment.

Kenneth Freeman, pro se.

Marie C. Pawol, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Kenneth Freeman (Hassan Muhammad), an inmate at the Nebraska State Penitentiary (NSP), appeals from the order entered by the District Court for the District of Nebraska dismissing, prior to service of process, his 42 U.S.C. § 1983 complaint against prison officials for violation of his constitutional rights to equal protection and to freely exercise his Muslim religion. For the reasons discussed below, we reverse and remand the case to the district court with directions.

Freeman filed the instant complaint alleging that dissolution of a particular Muslim sect at NSP violated his first and fourteenth amendment rights because, inter alia, it deprived him of religious classes, Jummah prayer, and Ramadan fasting. Freeman sought in forma pauperis status. After noting a present institutional balance of $.20 and an average income of $65.00 over a period of six months, the magistrate judge ordered Freeman to pay a partial filing fee of $16.25. The magistrate judge subsequently recommended that Freeman's claims be dismissed as frivolous under 28 U.S.C. § 1915(d). The district court dismissed for failure to state a claim upon which relief could be granted.

Upon review of the record, we conclude that the district court erred in adopting the magistrate judge's recommendation to dismiss Freeman's complaint prior to service of process. A complaint can be dismissed prior to service or process only if it is frivolous under 28 U.S.C. § 1915(d). "A complaint is frivolous if the claims lack 'an arguable basis either in law or fact.' Sua sponte dismissals, however, are disfavored." *Divers v. Department of Corrections*, 921 F.2d 191, 193 (8th Cir.1990) (per curiam), *citing Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Here there is an arguable basis underlying Freeman's factual allegations and legal theories. *See Saleem v. Evans*, 866 F.2d 1313, 1314 (11th Cir. 1989) (alleged absence of Muslim minister for Nation of Islam in prison served by minister from different Muslim sect stated prima facie case of first amendment violation).

We instruct the district court on remand to order modification of Freeman's filing fee from $16.25 to $6.50 (10% of average monthly income), and to allow Freeman sixty days from the date of this court's mandate to pay the modified filing fee. *See In re Epps*, 888 F.2d 964, 968–69 (2d Cir.1989) (partial filing fee modified from $18.47 to $6.00 where inmate's average monthly income was $61.53 and average end-of-month balance was $20; 30% of average monthly income crossed line between prompting second thought and deterring litigation; modified fee of 10% of average monthly income was sufficient exaction).

Accordingly, the district court order is reversed and the case is remanded with instructions to direct issuance of summons

on defendants upon Freeman's timely payment of the modified filing fee.