Sylvester **ADDISON**, Appellant,

v.

Ronda **PASH**; Del Casby; David McPeak; David Johnson; R. Martin; T. Frazier; "(John Doe)," Appellees.

No. 91-2664.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 24, 1992.

Decided April 8, 1992.

Sylvester Addison, pro se.

Thomas E. Dittmeier and Hardy C. Menees, Clayton, Mo., argued, for appellees.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Sylvester Addison, a Missouri inmate, appeals from the dismissal entered by the District Court for the Eastern District of Missouri in his 42 U.S.C. § 1983 action. For reversal Addison argues the district court erred in holding that (1) defendants were acting in good faith when Addison's property was confiscated before his conduct violation was reviewed; (2) his smoking materials were not confiscated without due process; (3) the confiscation of his skull cap did not interfere with his free exercise of religion; and (4) defendants were entitled to qualified immunity. Addison also asserts that he should have been allowed to amend or object before his complaint was dismissed. For the reasons discussed below, we affirm in part and reverse and remand in part.

---

Addison brought this action against seven employees of the Missouri Department of Corrections: Pash, Casby, McPeak, Martin, Frazier, Johnson and Doe. The court granted Addison's motion to proceed in forma pauperis and ordered service to issue. The State waived service only as to Pash, Casby, McPeak, and Martin. These defendants then filed an answer in which they incorporated the defense of failure to state a claim.

■ Pash, Casby, and McPeak served on a unit team that found Addison guilty of a conduct violation and recommended ten days of disciplinary segregation. Pursuant to their recommendation, property prohibited in disciplinary segregation was confiscated from Addison. Superintendent Delo subsequently reviewed the disciplinary action report, dismissed the violation, and expunged it from Addison's record. We agree with the district court that Addison did not state a due process claim against these defendants for the confiscation of his property because they did not make their disciplinary recommendation until after they had held a hearing. Furthermore, the implementation of their recommendation before review by Delo did not violate due process because post-deprivation remedies confer sufficient due process. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir.1990) (per curiam) (adequate post-deprivation remedy for destruction of property); *Brown v. Frey*, 889 F.2d 159, 166–67 (8th Cir.1989) (no due process right to hearing within three days), *cert. denied*, 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990).

■ After the conduct violation was expunged, defendant Martin observed Addison smoking in his cell and confiscated the smoking materials as items prohibited to inmates on disciplinary segregation. Addison's assertion that this confiscation violated the Eighth Amendment was properly dismissed because the denial of cigarettes under the circumstances alleged was not deliberate indifference to a basic human need. *See Wilson v. Seiter*, —— U.S. ——, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991) (deliberate indifference standard applies to all Eighth Amendment condition of confinement cases).

Addison asserted that Johnson and Doe deprived him of property without due process and that Frazier confiscated his skullcap in violation of his First Amendment rights. The district court apparently concluded that these claims had "an arguable basis either in law or in fact" when it ordered service on all defendants. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). The State, however, did not waive service as to Johnson, Frazier, and Doe, and the district court ultimately dismissed the claims against them under Rule 12(b)(6) prior to any further attempt at service.

In setting the parameters for a § 1915(d) dismissal, the Supreme Court specifically did not define the permissible scope of sua sponte dismissals for failure to state a claim. *Id.* at 329 n. 8, 109 S.Ct. at 1834 n. 8. In a case where the magistrate judge recommended dismissal under § 1915(d), but the district court dismissed prior to service for failure to state a claim, we reversed the sua sponte dismissal after finding that the complaint was not frivolous. *Freeman v. Abdullah*, 925 F.2d 266, 267 (8th Cir.1991). We are faced with a similar situation here. The dismissal preceded service and, as the district court correctly determined, the claims are not frivolous. Thus, reversal for service of process is warranted because the claims are not subject to dismissal under § 1915(d).

We conclude the district court committed no error in granting the motion to dismiss without providing Addison an opportunity to amend his complaint. We need not reach the issue of whether defendants Pash, Casby, McPeak, and Martin were entitled to qualified immunity.

The judgment is affirmed as to defendants Pash, Casby, McPeak, and Martin, and reversed as to defendants Frazier, Johnson, and Doe. Addison's "amending motion" for injunctive relief is denied.