Roger Howard JOHNSON, Plaintiff,

v.

STATE OF NEBRASKA, DEPARTMENT
OF CORRECTIONAL SERVICES, et
al., Defendants.

No. 4:CV92–3263.

United States District Court,
D. Nebraska.

Oct. 19, 1992.

Roger H. Johnson, pro se.

MEMORANDUM ON APPEAL

URBOM, Senior District Judge.

The plaintiff has appealed a recommendation of the United States Magistrate Judge. The plaintiff's position is that the library at the Hastings Correction Center is inadequate and there is no one at the center trained in the law to assist the plaintiff in the library. I must deny the appeal and shall accept the recommendation of the magistrate judge.

As explained by the magistrate judge's memorandum of August 23, 1992, the standard is, as stated by the United States Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977):

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with ade-

quate law libraries or adequate assistance from persons trained in the law." Here, there simply is no allegation of any facts that would tend to show that the library at the center is not adequate. If the law library is adequate, there is no constitutional right to have someone trained in the law to assist the plaintiff or other inmates. One or the other—an adequate law library or assistance of persons trained in the law—is all that is required.

Accordingly, I shall accept the recommendation of the magistrate judge for dismissal.

## REPORT AND RECOMMENDATION

PIESTER, United States Magistrate Judge.

■ Plaintiff, presently confined in the Hastings Correctional Center (HCC), has filed an amended complaint pursuant to a previous order of this court. Because plaintiff is proceeding without the assistance of counsel, his complaint is before this court for initial review pursuant to Local Rule 52.[1] Liberally construing the allegations of the complaint, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), I conclude plaintiff's claim fails to allege facts sufficient to state a claim as against any defendant. I shall recommend dismissal.

Plaintiff has filed this action to challenge the adequacy of the law library at HCC and the assistance provided inmates by librarians. He seeks compensatory damages in the amount of $38 million dollars.

The initial review of plaintiff's original complaint granted plaintiff leave to allege facts, if they existed, that: 1) HCC's library contents were inadequate, and 2) plaintiff suffered "actual prejudice" as a result of a lack of trained assistants at the library. (Filing 6 at 3–4). Plaintiff has failed to allege facts to support either claim.

With regard to the inadequacy of the library's contents, plaintiff's original complaint merely stated that some volumes of the Nebraska Reports were not in the library. The amended complaint adds no allegations on this subject. In fact, plaintiff admits knowledge that cases reported in the Nebraska Reports are available in the library in other reporters. (Filing 7 at 4).

With regard to showing actual prejudice, plaintiff's amended complaint fails to allege any facts to show that he would have been successful in any other case had the library been staffed by trained assistants. Thus, plaintiff's complaint fails to state any claim upon which relief may be granted. F.R.Civ.P. 12(b)(6). I shall recommend this complaint be dismissed.

### 12(b)(6) DISMISSAL

■ A bit needs to be said regarding the procedure of recommending dismissal of this claim, *sua sponte,* pursuant to Rule 12(b)(6). Although the United States Supreme Court has not yet addressed the issue of *sua sponte* dismissals under Rule 12(b)(6), *see Neitzke v. Williams,* 490 U.S. 319, 329 n. 8, 109 S.Ct. 1827, 1834 n. 8, 104 L.Ed.2d 338 (1989), the Eighth Circuit has repeatedly held such dismissals are permitted. *See, e.g., Wabasha v. Smith,* 956 F.2d 745 (8th Cir.1992) (per curiam); *Smith v. Boyd,* 945 F.2d 1041 (8th Cir.1991); *Mildfelt v. Circuit Court of Jackson County, Mo.,* 827 F.2d 343, 345 (8th Cir.1987) (per curiam); *Tatum v. Iowa,* 822 F.2d 808, 810 (8th Cir.1987) (per curiam); *K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d 1246, 1248, n. 3 (8th Cir.1984).

■ However, there appears to be some disagreement among various panels of the Eighth Circuit as to the appropriateness of such dismissals prior to service of process. *Compare Wabasha v. Smith,* 956 F.2d 745 (affirming *sua sponte* 12(b)(6) dismissal prior to service of process), and *Martin–Trigona v. Stewart,* 691 F.2d 856, 858 (8th Cir.1982) (per curiam) (proper to dismiss *sua sponte* prior to service of process); to *Smith v. Boyd, supra; Freeman v. Abdul-*

---

**1.** For an explanation of Local Rule 52 as it pertains to *sua sponte* review of *pro se* complaints, see Filing 6, p. 1, fn. 1.

*lah,* 925 F.2d 266 (8th Cir.1991). Insofar as this court's practices are concerned, I conclude that when *sua sponte* dismissals are appropriate, they can, and should, be made prior to service of process.

In 1982, the Eighth Circuit first noted that "under Rule 12(b)(6), a district court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim...." *Martin–Trigona v. Stewart,* 691 F.2d at 858 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1357 at 593 (1969)).[2] Since that time, *Martin–Trigona* has repeatedly been cited for the proposition that a district court has the power *sua sponte* to dismiss a complaint for failure to state a claim under Rule 12(b)(6). *See Mildfelt v. Circuit Court of Jackson County, Mo.,* 827 F.2d at 345; *Tatum v. Iowa,* 822 F.2d at 810; *K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d at 1248, n. 3. These decisions neither held nor implied that service of process should precede *sua sponte* dismissals under Rule 12(b)(6).

In 1991, a panel of the Eighth Circuit[3] apparently sought to limit the circumstances under which a district court could dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6), by announcing that "[a] complaint can be dismissed prior to service [of]

process only if it is frivolous under 28 U.S.C. § 1915(d)." *Freeman v. Abdullah,* 925 F.2d at 267. The court cited no authority for such a rule, and the opinion neither cited nor discussed the previous holdings dealing with *sua sponte* dismissals under 12(b)(6). Shortly thereafter, the same panel cited to *Freeman* when holding that "a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as dismissal does not precede service of process." *Smith v. Boyd,* 945 F.2d at 1043. *See also Addison v. Pash,* 961 F.2d 731 (8th Cir.1992) (same). The *Smith v. Boyd* decision marked the first time that a panel of the Eighth Circuit explicitly conditioned *sua sponte* dismissal under 12(b)(6) upon prior service of process—a limitation not present in prior Eighth Circuit decisions addressing the issue, and not contained in Rule 12(b)(6) itself.

The practical utility of the rule set forth in *Smith v. Boyd* is unclear.[4] The rule does not require that district courts wait for a responsive filing before dismissing an action *sua sponte* under 12(b)(6); it requires simply that process be served prior to such a dismissal. Furthermore, it does not appear the rule stems from concern for assuring that plaintiffs receive notice and

---

**2.** In *Martin,* a *pro se* plaintiff submitted two complaints to the district court for filing. After reviewing the complaints and noting that neither complaint was accompanied by a filing fee or a request to proceed in forma pauperis, the district court· dismissed the complaints *sua sponte* "in accordance with § 1915, Title 28, United States Code, and Rule 12(b), Federal Rules of Civil Procedure." *Id.* at 857. On appeal, the Eighth Circuit noted it was unclear from the court records whether the complaints had actually been filed, but concluded "a dismissal, whether pursuant to § 1915(d) or Fed. Rules Civ.Proc. Rule 12(b), presupposes a filing" and went on to hold that the *sua sponte* dismissal under Rule 12(b)(6) was proper. *Id.* at 858. Although not expressly stated by the court, it is apparent from the opinion and the circumstances surrounding the dismissal that the plaintiff's complaints were dismissed prior to service of process.

**3.** The panel was comprised of Judges McMillian, Fagg, and Magill.

**4.** Although a reason for the rule has never been articulated clearly by the court, the panel in

*Smith v. Boyd* noted parenthetically that *Freeman* held it was "error to dismiss [a] nonfrivolous complaint under Rule 12(b)(6) prior to service of process in light of *Neitzke.*" To the extent the decisions in *Smith* and *Freeman* are premised upon the conclusion that the Supreme Court's decision in *Neitzke* somehow precludes *sua sponte* dismissals under Rule 12(b)(6) prior to service of process, I take exception. As I read *Neitzke,* the Supreme Court specifically reserved this issue; footnote 8 of the Court's opinion states, "We have no occasion to pass judgment, however, on the permissible scope, if any, of *sua sponte* dismissals under Rule 12(b)(6)." *Neitzke,* 490 U.S. at 329, 109 S.Ct. at 1833. *Neitzke* cannot properly be read, therefore, to forbid *sua sponte* dismissals under Rule 12(b)(6), either before or after service of process. In fact, the Supreme Court's statement that litigants proceeding in forma pauperis must be treated on equal footing with paying litigants, *see Neitzke,* 490 U.S. at 329–30, 109 S.Ct. at 1833–34, counsels against allowing dismissal prior to service of process under section 1915(d), while requiring service of process before dismissing under 12(b)(6).

an opportunity to respond prior to *sua sponte* dismissals under 12(b)(6). *See Addison v. Pash*, 961 F.2d 731 (8th Cir.1992) (district court commits no error in *sua sponte* dismissing complaint pursuant to 12(b)(6) without allowing plaintiff an opportunity to amend or object, so long as defendants have been served); *Smith v. Boyd*, 945 F.2d at 1043 (failure to give notice and an opportunity to respond prior to *sua sponte* dismissal under 12(b)(6) is not per se reversible error when "it is patently obvious the plaintiff could not prevail on the facts alleged in the complaint.")[5]

Recently, a panel of the Eighth Circuit[6] affirmed, with little discussion, the *sua sponte* dismissal of a complaint prior to service of process. *See Wabasha v. Smith*, 956 F.2d 745 (8th Cir.1992) (per curium). Although the opinion itself does not indicate whether the complaint was dismissed by the district court as frivolous under § 1915(d) or for failure to state a claim under Rule 12(b)(6), the dissent provides illumination by explaining that the complaint was dismissed prior to service of process under "the standard for failure to state a claim." *Wabasha* at 746 (Heaney, J., dissenting). *See also Bilal v. Kaplan*, 956 F.2d 856 (8th Cir.1992) (upholding *sua sponte* dismissal of complaint as barred by *res judicata*, prior to service of process).

Thus, it appears there are divergent views over whether a district court may dismiss a complaint *sua sponte* under 12(b)(6), prior to service of process. Although this apparent disparity presents a dilemma for magistrate judges who recommend dismissals under Rule 12(b)(6), *Martin–Trigona* and its progeny remain good law. *See Woodard v. Sargent*, 806 F.2d 153, 156 (8th Cir.1986) (one panel of the Eighth Circuit cannot overrule another panel decision directly). Accordingly, when presented with complaints where *sua*

*sponte* dismissal is appropriate, I choose to follow the more pragmatic approach first set forth in *Martin–Trigona* and recently reaffirmed in *Wabasha*, and recommend dismissal of the complaint prior to service of process. Though my decision to recommend dismissal prior to service of process rests soundly upon Eighth Circuit precedent, I believe it is further supported by considerations of judicial economy and equal treatment for both indigent and paying litigants.

This court, like so many others in the nation, has experienced an increased number of *pro se* filings since the 1970's. In order to effectively and efficiently address the increased workload accompanying those filings, this court, again like many others, has adopted procedures aimed at providing access to the courts for unrepresented litigants, screening meritless claims, and providing for the prompt progression of such cases to ultimate resolution. The procedures adopted here are embodied, for the most part, in Local Rule 52.

In summary, Local Rule 52 provides for the *sua sponte* review of all *pro se* complaints, whether they are filed by plaintiffs who pay the filing fee, or by plaintiffs proceeding in forma pauperis. This review is conducted by a magistrate judge as soon as practicable after the plaintiff is granted leave to proceed in forma pauperis, or, in the case of paying plaintiffs, as soon as practicable after the plaintiff has paid the filing fee.[7] If the magistrate judge concludes the complaint states a claim as against all defendants, the clerk is ordered to issue summons for service upon them. If the magistrate judge concludes the complaint fails to state a claim as against any or all defendants, a memorandum is issued setting out the deficiencies in the complaint, and an order is entered giving the plaintiff leave to file an amended complaint

---

5. Interestingly, the panel in *Smith v. Boyd* recognized that other circuits "have held that the failure to provide pre-dismissal notice mandates reversal," but the panel declined to follow such a rule, finding it "too inflexible." *Id.* at 1043, n. 2.

6. The panel was comprised of Judges Beam, Heaney and Loken.

7. Paying plaintiffs are advised by the clerk that they may, if they choose, require the issuance of summons for service upon the defendants prior to this "initial review" being completed, or, alternatively, may wait to have summons issued in accordance with the magistrate judge's review; if they choose the latter, some expense of service may be saved.

in which to correct the deficiencies. Thereafter, if no amended complaint is filed within the time permitted by the order, the case is transferred to the assigned district judge, who reviews it and, if he concurs in the magistrate judge's assessment of the plaintiff's claims, dismisses the case or that portion of it found to be wanting.[8]

If an amended complaint is filed in accordance with the magistrate judge's order, the amended complaint is referred to the magistrate judge for a second review. If, upon completion of this review, the amended complaint is found to have remedied the deficiencies pointed out in the first memorandum by the magistrate judge, an order is issued directing the clerk to issue summons for service upon the defendant(s). If all or some of the claims are found again to be such that the magistrate judge concludes, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), the magistrate judge prepares, pursuant to 28 U.S.C. § 636(b)[9], a recommendation for dismissal. Depending upon the plaintiff's filing fee status and upon the relative merits of the claim, this recommendation may be grounded upon either § 1915(d), or Rule 12(b)(6).

If the plaintiff is proceeding in forma pauperis, the pleading is reviewed applying, first, the standard of "frivolousness" required by § 1915(d); that is, whether the plaintiff's claim is frivolous or malicious as discussed in *Neitzke*. If the claim is found not to be "frivolous or malicious" under § 1915(d), the claim is reviewed under the standard of *Conley v. Gibson, supra.*[10] After that review, the magistrate judge may recommend the claim be dismissed if it fails either of these tests, and the recommendation will specify the test applied. If the plaintiff is not proceeding in forma pauperis, § 1915(d) does not apply, and the only possible source of authority to dismiss a claim on the merits is Rule 12(b)(6), regardless of whether the claim is frivolous or "arguable."

In *Neitzke* the Supreme Court set forth various procedural protections afforded the typical plaintiff confronted with a motion to dismiss filed by a defendant pursuant to Rule 12(b)(6). *See Neitzke* at 329–30, 109 S.Ct. at 1834 (plaintiff is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint). The procedure utilized by this court affords an unrepresented plaintiff the equivalent of each of these protections. Notice is accorded a plaintiff who has failed to state a claim upon which relief may be granted, as noted above, through the issuance of a memorandum by the magistrate judge setting out the deficiencies in the complaint, giving plaintiff leave to file an amended complaint in which to correct those deficiencies, and clearly warning the plaintiff that failure to correct those deficiencies within the time prescribed by the court will lead to a recommendation of dismissal. Of course, this recommendation provides further notice to the plaintiff that the court is considering the dismissal of one or more of the plain-

8. This dismissal is also *sua sponte*, and precedes the issuance of summons.

9. 28 U.S.C. § 636(b)(1) addresses the referral of a "motion" to dismiss. This has been applied to the court's own motions as well as those filed by defendants. In addition, the "additional duties" language of § 636(b)(3) would seem to authorize such recommendations, in keeping with the procedure set out in subsection (b)(1).

10. The Supreme Court in *Neitzke* addressed the theoretical differences between those meritless claims which are "frivolous" and those that are merely destined to fail for other reasons under the *Conley v. Gibson* test. In the practical context of applying the standards, examples may be helpful. Those "arguable" claims which might nevertheless be dismissed for failure to state a claim might include claims which have previously been rejected by this court and perhaps not appealed; claims which seek to establish a previously-unrecognized, but not specifically rejected, statutory or constitutional right; claims for which the pleadings and attachments establish a full factual record which forecloses the plaintiff's claim as a matter of law; claims which are pleaded in completely conclusory language, leaving them without any substance even though they may assert recognized statutory or constitutional rights; claims which fail to adequately describe the involvement of some of the named defendants; claims foreclosed by circuit, but not Supreme Court, precedent; as well as others.

tiff's claims. A meaningful opportunity to respond is provided by allowing the plaintiff either to correct the noted deficiencies in an amended complaint or file of an objection to the recommendation of dismissal.

Only one of the factors considered by Justice Marshall in *Neitzke* is not absolutely included in the procedure utilized in this court: the use of the adversary process to produce a record for appeal. *Neitzke* at 330, 109 S.Ct. at 1834 (adversarial process "crystallizes pertinent issues and facilitates appellate review."). It must be remembered, however, that there likewise is no adversary process at work in dismissals pursuant to § 1915(d).[11] I fail to see how the lack of an adversary process in dismissals pursuant to Rule 12(b)(6)—assuming that to be an evil in these circumstances—is any more evil than the lack of such a process in dismissals under § 1915(d). Surely if one is inappropriate, the other must equally be inappropriate. Conversely, I reason that if one is proper—as the Supreme Court has ruled—the other must equally be proper.

■ There are other actions commonly taken by a court, *sua sponte*, which affect the outcome of proceedings, indeed the access to the court itself, which have not been prohibited because of the lack of adversary testing. For example, Rule 12(h)(3) of the Federal Rules of Civil Procedure authorizes, indeed requires, the court to dismiss a case if it appears that jurisdiction is lacking, even in the absence of a motion by one of the parties. In addition, the court may *sua sponte* impose sanctions under Rule 11 of the Federal Rules, including the involuntary dismissal of a case. *Chambers v. Nasco, Inc.,* —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Anderson v. United Parcel Service,* 915 F.2d 313, 315 (7th Cir.1990); *Joiner v. Delo,* 905 F.2d 206, 208 (8th Cir.1990); *American Inmate Paralegal Assoc. v. Cline,* 859 F.2d 59, 61–62 (8th Cir.) (per curiam), *cert. denied,* 488 U.S. 996, 109 S.Ct. 565, 102 L.Ed.2d 590 (1988). Rule

41(b) of the Federal Rules of Civil Procedure allows the court to dismiss a case for failure to prosecute, failure to comply with the rules of civil procedure, or failure to abide by an order of the court. Although Rule 41(b) is restricted in its wording to situations in which a motion to dismiss is filed, it has been interpreted to include *sua sponte* dismissals as well. *See American Inmate Paralegal Assoc., supra;* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2369 (1971) and cases cited therein. Further, in deciding whether to grant a litigant leave to proceed in forma pauperis—thus deciding whether to allow the commencement of a case at all—there is no adversary testing of the court's exercise of its discretion. Hence, while it must be conceded that the use of *sua sponte* or *ex parte* rulings should be the exception and not the rule, the lack of adversarial argument need not *per se* bar *sua sponte* dismissals.

The reason, I suspect, that *sua sponte* rulings are permitted in the above (and, no doubt, other) situations, is that the court must have the power and authority to effectively manage its business so as to provide "the just, speedy, and inexpensive determination of every action." *Fed.R.Civ.P.* 1. As has been said on numerous occasions, the time spent by court personnel and judges on the administration and resolution of meritless cases detracts from and reduces the attention available to give to serious legal disputes. *See, e.g., Neitzke, supra; Baker v. Director, U.S. Parole Com'n,* 916 F.2d 725, 726–27 (D.C.Cir. 1990) (per curiam) (affirming *sua sponte* dismissal under Rule 12(b)(6) prior to service and without notice and opportunity to respond where it was apparent that claimant had not "advanced a shred of a valid claim" and the observance of strict procedural protections would only "lead to a waste of judicial resources"); *In re Tyler,* 677 F.Supp. 1410 (D.Neb.1987), *aff'd,* 839 F.2d 1290 (8th Cir.1988). When meritless claims absorb the court's limited resources *unnecessarily,* the interests of justice are

---

**11.** Neither section 1915(d) nor Rule 12(b)(6) explicitly grants or denies authority to dismiss

*sua sponte.*

disserved. That disservice is equally costly in both kinds of "meritless" cases: those that are frivolous as well as those which fail to state a claim. The court's power to screen out meritless claims should be equally effective in both situations, so long as litigants' substantive rights are protected.

As discussed above, the protections described in *Neitzke* are afforded the *pro se* plaintiff, and additional assistance in the form of liberal construction is provided. The lack of adversarial process in the dismissal of a *pro se* complaint under Rule 12(b)(6), as the procedure is utilized in this court, does not infringe upon any right of the plaintiff. Plaintiffs have no inherent right to the costly issuance and service of summons in a meritless case. Indeed, it negates the purpose underlying *sua sponte* dismissals of meritless complaints to condition such dismissals upon the "sisyphean task of serving invalid summonses on the multitude of defendants." *Haugen v. Sutherlin*, 804 F.2d 490, 491 n. 2 (8th Cir. 1986).[12]

Lastly, I note that the Supreme Court in *Neitzke* strongly intimated, although it stopped short of stating it explicitly, that a plaintiff proceeding in forma pauperis must be treated equally with one who has paid a filing fee. *Neitzke*, 490 U.S. at 329–30, 109 S.Ct. at 1833–34 (purpose of the in forma pauperis statute is to assure indigent litigants receive the same consideration as paying litigants). In my view, serious equal protection concerns are raised by allowing *sua sponte* dismissal of an indigent plaintiff's meritless *pro se* complaint prior to service of process, while simultaneously allowing *sua sponte* dismissal of a paying plaintiff's meritless *pro se* complaint only after the defendants have been served. I do not believe such a practice meets either the implicit standards of *Neitzke* or the obligation of the courts to be open and accessible to all.

While I agree that the court should be circumspect in dismissing a case, *sua sponte*, prior to service of process, the Supreme Court in *Neitzke* clearly held that it is permissible to do so. The focus of this discussion has been whether it is permissible to do so under authority of Rule 12(b)(6) *in addition to* the authority of § 1915(d). I believe it is. The review process conducted by a magistrate judge affords the unrepresented plaintiff some guidance, by describing the legal requirements of asserting the claims discernible from the pleadings, and thus gives the plaintiff the means to decide whether to press his or her claim either through the filing of an amended complaint, or by objecting to the magistrate judge's recommendation for dismissal. It is true that this procedure is not "adversarial," but in my view, it would be both expensive and delaying, while serving no particularized salutary purpose, to engage in this procedure only after the service of process.

In this case, dismissal under Rule 12(b)(6) is warranted as plaintiff has received full notice of the insufficiency of his original complaint and received a meaningful opportunity to respond through an invitation to file an amended complaint in order to reme-

---

**12.** Furthermore, to the extent that the plaintiff could claim some right to an appearance by a defendant in pressing a motion to dismiss, I fail to see how an appearance by the defendant would add to the protections outlined in *Neitzke;* it would merely cause the complaint's deficiencies to be asserted more forcefully, perhaps. If the plaintiff's pleadings are insufficient for the court to evaluate the claim without the development of a record, the district court can certainly determine that as easily before the service of summons as it typically does once a Rule 12(b)(6) motion has been filed. This is an assessment required to be made under the rule, and frequently results in denials of motions and the requirement that cases proceed beyond the pleading stage. I fail to see how the presence of the defendant would enhance the trial court's ability to make this assessment, or the appellate court's ability to review it. If anything, it seems to me that the absence of the defendant at this stage would tend to benefit the plaintiff, since the court is required to give the complaint the benefit of liberal construction and acceptance of the allegations as true. *Haines, supra.* The defendant's filing a motion to dismiss accompanied by evidentiary material could cause the matter to be treated as a motion for summary judgment, subjecting the plaintiff to the more rigorous requirements of Rule 56(e) of the Federal Rules Of Civil Procedure. *See Postscript Enterprises v. City of Bridgeton*, 905 F.2d 223, 226 (8th Cir.1990).

dy the noted failings. The amended complaint having failed to remedy the noted deficiencies, I shall recommend this action be dismissed pursuant to Rule 12(b)(6).[13]

IT THEREFORE HEREBY IS RECOMMENDED, pursuant to 28 U.S.C. § 636(b), that this action be dismissed, pursuant to Rule 12(b)(6).

Plaintiff is notified that unless objection is made within ten days after he is served with a copy of this recommendation, he may be held to have waived any right she may have to appeal the court's order adopting this recommendation.

Dated September 15, 1992.

## MEMORANDUM AND ORDER

Plaintiff, presently confined in the Hastings Correctional Center (HCC), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Because plaintiff is proceeding without the assistance of counsel, his complaint is before this court for initial review pursuant to Local Rule 52.[1] Liberally construing the allegations of the complaint, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), I conclude plaintiff has failed to allege facts sufficient to state a claim as against any defendant. I shall grant plaintiff the opportunity to file an amended complaint in

which to, if possible, remedy the deficiencies mentioned below.

Plaintiff has filed this action to challenge the adequacy of the law library at HCC and the assistance provided inmates by librarians. He seeks compensatory damages in the amount of $38 million dollars.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint stems from a recommendation of dismissal this court made in Johnson v. Hastings Correctional Center, 4:CV92–3018 (Unreported Order) (D.Neb. July 17, 1992). Plaintiff, in that case, filed an original and amended complaint making three claims: 1) conspiracy to deprive plaintiff of liberty interests; 2) insufficient evidence to sustain a disciplinary board's finding of a violation of prison rules; and 3) inadequate access to the courts, based on a denial of assistance from inmates during a court hearing. I recommended dismissal of the first two claims on the basis that the claims were frivolous, and the third on the basis that it failed to state a claim upon which relief could be granted.

Plaintiff now claims that he was unable to draft a proper complaint in the preceding case due to the inadequate law library, and the unavailability of persons trained in the law to assist him. (Filing 1 at 5).

**13.** I have chosen not to consider the possible application of the substantiality doctrine discussed in *Neitzke,* 490 U.S. at 327 n. 6, 109 S.Ct. at 1832 n. 6 (1989) and *Ricketts v. Midwest Nat. Bank,* 874 F.2d 1177 (7th Cir.1989) to her claims.

**1.** Local Rule 52 provides for initial, *sua sponte* review of all complaints filed without the assistance of counsel pursuant to *Fed.R.Civ.P.* 12(b)(6), regardless of whether those cases are filed in forma pauperis. Additionally, in cases such as this one, where plaintiff is proceeding in forma pauperis, review is had under 28 U.S.C. § 1915(d). Local Rule 52 provides for initial review by a magistrate, who will either (1) order the issuance of summons for service upon all or some of the named defendants; (2) grant the plaintiff leave to file an amended complaint; (3) recommend dismissal, in whole or in part, for failure to state a claim for relief under Rule 12(b)(6); or (4) recommend dismissal in whole or in part, in cases filed in forma pauperis, because the case is frivolous or malicious under

§ 1915(d). Unless dismissal is recommended on the ground that the original complaint is frivolous, leave to amend is generally granted. In the event leave to amend is granted, the magistrate will identify the deficiencies in the complaint and indicate what factual allegations are necessary to cure those deficiencies. Should dismissal be recommended, the plaintiff is given notice of his right to object and an opportunity to object on legal or factual grounds. *See Neitzke v. Williams,* 490 U.S. 319, 329–30 & n. 8, 109 S.Ct. 1827, 1833–34 & n. 8, 104 L.Ed.2d 338 (1989) (identifying differences between procedures under *Fed.R.Civ.P.* 12(b)(6) and 28 U.S.C. § 1915(d) and leaving open question of propriety of *sua sponte* dismissals under former provision). *See also Haugen v. Sutherlin,* 804 F.2d 490, 491 n. 2 (8th Cir.1986) (Lay, C.J.) (authorizing initial review of pleadings to avoid "Sisyphean task of serving invalid summonses on the multitude of defendants"); *Martin–Trigona v. Stewart,* 691 F.2d 856, 858 (8th Cir.1982) (authorizing *sua sponte* review under Rule 12(b)(6)).

## APPROPRIATE DEFENDANTS

Before liability may be imposed under section 1983, plaintiff must show each defendant either did some affirmative act, participated in the affirmative act of another, or failed to perform an act which result-·ed in the deprivation of plaintiff's federally-protected rights. *See Stevenson v. Koskey,* 877 F.2d 1435 (9th Cir.1989). Plaintiffs are required to present specific allegations of fact as to either direct personal involvement, direction of others, or a knowing failure to train, supervise, or act, which resulted in plaintiffs' injuries. Liability under section 1983 may not be grounded upon a *respondeat superior* theory. *Wilson v. City of North Little Rock,* 801 F.2d 316, 322–23 (8th Cir.1986); *Hahn v. McLey,* 737 F.2d 771 (8th Cir.1984). That is, one cannot be held liable for another's act simply because he or she supervises one who ·deprived plaintiff of a constitutional right. Plaintiff must file an amended alleging specific acts as to the actions of each defendant showing how each is liable for plaintiff's alleged injuries.

Plaintiffs have named as defendant the State of Nebraska and the Department of Correctional Services. A state or state agency is not a proper defendant in a § 1983 case. *See Will v. Michigan,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Aubuchon v. State of Missouri,* 631 F.2d 581, 582 (8th Cir.1980), *cert. denied,* 450 U.S. 915, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981); *Nebraska Dept. of Roads Employees Assn. v. Dept. of Roads,* 364 F.Supp. 251, 256 (D.Neb.1973). I shall recommend dismissal as to defendants State of Nebraska and Department of Correctional Services.[2]

## LAW LIBRARY

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (emphasis supplied). The language in *Bounds* concerning the minimum requirements to which prison authorities must adhere. is written in the disjunctive. Provided there is an adequate law library, inmates generally would not be entitled to other assistance. Likewise, so long as inmates are provided adequate assistance from persons trained in the law, prison authorities need not provide an adequate law library. ·

In this instance, plaintiff has attempted to challenge both the adequacy of the law library and the assistance provided by staff librarians. He has not alleged facts sufficient to state a claim regarding either challenge.

Plaintiff's only challenge to the adequacy of the law library is that the library "is missing complete volumes of the Nebraska Reports." (Filing 1 at 5). Even assuming the library does *not* contain these particular volumes, the allegations of the complaint do not suggest that such materials are unavailable, or that the information contained in those volumes is not available from another source available in the library, ·e.g. the Northwest Reporters. In fact, the plaintiff's complaint contains exhibits indicating prison policy that allow an inmate to request material from other libraries in the penal system for use at HCC (Filing 1 at 9). Plaintiff has simply not alleged facts from which·I can conclude the law library at HCC is inadequate.

Plaintiff further alleges that the library has no legal aide, and "no one trained in legal law to assist." Specifically, plaintiff urges that defendants hire inmate Frederick McSwine whom plaintiff alleges is a certified legal aide. (Filing 1 at 5). Plaintiff does not challenge the ability of staff librarians; he claims only that the staff is not trained in the law. He alleges no specific instances in which a request for legal assistance made to a staff librarian not answered due to the librarian's lack of legal training. ·

In his complaint, plaintiff has failed to allege any facts showing the lack of

---

**2.** For administrative reasons, I shall defer recommending dismissal until plaintiffs file an amended complaint or the time for doing so has passed.

trained assistants "resulted in the plaintiff being denied adequate access to the courts, to his actual prejudice in asserting or defending a specific claim." *Reutcke v. Dahm*, 707 F.Supp. 1121, 1129 (D.Neb. 1988). In this case, plaintiff has not alleged facts sufficient to demonstrate he suffered "actual prejudice" as a result of not having trained legal assistance in drafting his prior complaints. Plaintiff makes no showing that he would have been able to succeed on his prior complaint had there been legal assistance available to him.

I shall grant plaintiff leave to file an amended complaint. In it, he must allege specific facts demonstrating how he was prejudiced as a result of the alleged lack of adequately trained legal assistants. In the absence of allegations evidencing some direct injury, I shall recommend this claim be dismissed.

### REQUEST FOR APPOINTED COUNSEL

Plaintiff has requested that the court appoint counsel to represent him in this matter. The Eighth Circuit Court of Appeals has held that when determining whether counsel should be appointed for an indigent civil rights plaintiff who has demonstrated his complaint is not frivolous, the court should assess the need for counsel, including consideration of such factors as (1) the factual complexity of the case, (2) the ability of the plaintiff to investigate the facts, (3) the existence of conflicting testimony, (4) the plaintiff's ability to present his claims and (5) the complexity of the legal issues. *In re Lane*, 801 F.2d 1040, 1043–44 (8th Cir.1986); *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986). In this matter, because of the deficiencies discussed above, the plaintiff has not yet met his burden of showing that this case is not frivolous, and there has not been sufficient information presented to consider the remaining factors at this time. Consideration of plaintiff's request therefore will be deferred until he has filed an amended complaint which properly states a claim upon which relief may be granted, and a showing in support of his motion for appointment of counsel which addresses the factors just mentioned.

IT THEREFORE HEREBY IS ORDERED:

1. Plaintiff's motion for appointment of counsel is deferred for ruling until after plaintiff has filed an amended complaint in accordance with paragraph 2 below, or the time for doing so has passed.

2. Plaintiff is given until September 23, 1992, to file an amended complaint which states a claim in accordance with the terms of this memorandum, in the absence of which this matter will be subject to dismissal.

Dated August 24, 1992.