27 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Leroy COOLIDGE, Appellant,
v.
ST. PAUL POLICE DEPARTMENT, Appellee.
 No. 93-3643.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 13, 1994.
Filed: July 5, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leroy Coolidge appeals from the district court's[1] order dismissing his 42 U.S.C. Sec. 1983 complaint against the St. Paul Police Department. We affirm.
 
 
 2
 Coolidge alleged the St. Paul Police Department refused to "send a squad to take a complaint" unless a doctor at the V.A. Medical Center called the Police Department. He requested in forma pauperis status pursuant to 28 U.S.C. Sec. 1915. The district court found the action was frivolous and dismissed it with prejudice, before service of the complaint, pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Under section 1915(d), a district court may dismiss a complaint as frivolous-even prior to service-if it is based on "an indisputably meritless legal theory" or where the factual contentions are "clearly baseless." Cf. Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir. 1991); Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). We review the district court's dismissal of Coolidge's complaint for abuse of discretion. See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992).
 
 
 4
 The district court correctly determined that the failure by police to take a complaint did not violate or deprive Coolidge of a right secured by the Constitution. The police were not constitutionally bound to send a squad to Coolidge's house, even if he needed police protection. See DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195-97 (1989); Gregory v. City of Rogers, Ark., 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1265 (1993). Nor does Coolidge allege that the police refused to respond for a constitutionally infirm reason. See, e.g., Mody v. City of Hoboken, 959 F.2d 461, 466 (3d Cir. 1993). Thus, Coolidge's action was based on an indisputably meritless legal theory. Accordingly, we affirm the district court's dismissal.
 
 
 5
 We also deny Coolidge's motion for appointment of appellate counsel. See Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir.), cert. denied, 113 S. Ct. 658 (1992).
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota