39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Shelby HARRIS, Appellant,
v.
Gerald HIGGINS; Kelly Lock; Glen Washburn; Kathleen Krupp;
C. Kirsh, Appellees.
 No. 93-3834.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 15, 1994.
Filed: Nov. 10, 1994.
 
 Before MAGILL, Circuit Judge, GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Shelby Harris, a Missouri inmate, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We remand to the district court for further proceedings on Harris's equal protection claim.
 
 
 2
 Harris requested in forma pauperis (IFP) status to file his complaint alleging that defendant prison officials removed him from his position as a law clerk and gave him a new prison job in food service. Harris alleged defendants informed him he would have to wait ninety days before he could be reassigned to a clerical position, but a white inmate was reassigned to such a position within a week of beginning a food service job. Harris asserted additional claims that, by reassigning him to food service, defendants subjected him to cruel and unusual punishment and retaliated against him for helping inmates file grievances; that defendants dismissed him from his law clerk position without due process; and that they damaged his reputation. The district court, adopting the magistrate judge's report and recommendation, dismissed Harris's complaint as frivolous.
 
 
 3
 This court appointed counsel to brief Harris's appeal, and we now reverse. Under section 1915(d), a district court may dismiss a complaint as frivolous only if it is based on "an indisputably meritless legal theory" or if the factual contentions are "clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir. 1991). Allegations in a pro se complaint are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). We review the district court's dismissal of Harris's complaint for abuse of discretion. See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992).
 
 
 4
 Prisoners are protected under the Fourteenth Amendment from invidious discrimination based on race. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state an equal protection claim, the inmate must assert that the state has failed to treat similarly situated persons alike. Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992). Harris's allegation that he was treated differently from a similarly- situated white inmate is thus based on a valid legal theory, and his factual contentions are not "clearly baseless."
 
 
 5
 The district court did not abuse its discretion in dismissing Harris's remaining claims as frivolous, and as to those claims, we affirm. Accordingly, we affirm in part and reverse in part and remand for further proceedings on Harris's equal protection claim.