65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Terrance L. JOHNSON, Appellant,
v.
Leslie KENNEDY, C.O. I; Unknown Perkins, Captain; Tom
Lewis, Caseworker; John Doe, Assistant
Superintendent; James D. Purkett,
Superintendent, Appellee.
 No. 95-1968
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 9, 1995
Filed: Sept. 7, 1995
 
 Before McMILLIAN, BEAM and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Terrance L. Johnson, an inmate at the Farmington Correctional Center (FCC), appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Johnson alleged defendants violated his due process, equal protection, and Eighth Amendment rights when he was given a conduct violation for calling a corrections officer names, placed in the "hole" for seven days, and found guilty, despite witness statements stating that he did not make the comments. Johnson alleged that the violation notice was insufficient, and the evidence was insufficient to find him guilty "beyond all reasonable doubt."
 
 
 2
 We conclude the district court did not abuse its discretion in dismissing Johnson's complaint as frivolous. See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992); cf. Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir.1991) (Sec. 1915(d) dismissal appropriate if the claims lack an arguable basis in law or fact).
 
 
 3
 Johnson's temporary pre-hearing placement in administrative segregation was constitutional; he acknowledges he was interviewed before placement. See Hewitt v. Helms, 459 U.S. 460, 475-76 (1983); Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir.1992). As Johnson's allegations indicated that he had sufficient knowledge of the charges against him, the conduct violation notice adequately notified him of the charges to allow him to prepare a defense. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Finally, the reporting officer's statements in Johnson's conduct violation report constituted "some evidence" of his guilt, and thus were sufficient to support the finding at his hearing. See Superintendent v. Hill, 472 U.S. 445, 455 (1985) (disciplinary action needs to be supported by "some evidence" in the record); Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir.1989) (per curiam) (officer's statements constitute "some evidence"). Accordingly, we affirm the district court's dismissal.
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri