**Clark Lee SMITH, Appellant,**

v.

**Julian BOYD; Laverta Barns; Gloria Blocker; Dav Kovac, Appellees.**

No. 90–2931.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1991.
Decided Sept. 25, 1991.

Clark Lee Smith, pro se.

Edward J. Hanlon, St. Louis, Mo. (James J. Wilson and Edward J. Hanlon, on the brief), for appellee.

Before McMILLIAN, FAGG, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Clark Lee Smith appeals from the district court's [1] order sua sponte dismissing his 42 U.S.C. § 1983 claims against defendants under Federal Rule of Civil Procedure 12(b)(6). We affirm.

Smith was a pretrial detainee at the St. Louis Municipal Jail. He filed a pro se complaint claiming that between December 1988 and May 1989, jail officials violated his civil rights by (1) tampering with his mail; (2) harassing him in retaliation for his complaints about jail conditions; (3) denying him meaningful access to the courts; and (4) denying him social services afforded other prisoners.

Smith's mail-tampering claim alleged that jail officials inspected his nonprivileged mail, returned one letter, and failed to deliver two others. Smith's harassment claim was based on his transfer from one housing tier to another within the jail following a dispute over access to the jail's law library. Smith was scheduled to visit the library on Mondays and Fridays. The dispute arose when the library was closed on a Monday holiday, and Smith asked social worker Laverta Barns for a make-up day. Barns denied his request, and after Smith threatened Barns and Superintendent Julian Boyd with a lawsuit, Barns transferred Smith to another housing tier.

In support of his access-to-the-courts claim, Smith asserted that he attempted to smuggle a complaint against Boyd and Barns out of the jail with another prisoner. Jail employees discovered the complaint and confiscated it. Smith also allegedly asked social worker Gloria Blocker to permit him to make a legal telephone call and to notarize some legal documents for him. After failing to respond for almost one month, Blocker notarized Smith's documents but refused his request for a legal call. According to the complaint, Blocker told Smith that inmates are not allowed legal telephone calls because the jail has attorney request forms available. Finally, Smith asserted his legal mail was delayed

when Blocker refused to come to his cell to pick it up.

Smith's denial-of-social-services claim alleged that other prisoners were allowed legal telephone calls, but he was not. Smith stated he complained about this to both Blocker and her supervisor, Dav Kovac. Smith sought compensatory and punitive damages, and injunctive relief against each of the defendants. He was permitted to proceed in forma pauperis, and defendants were required to answer the complaint.

Defendants denied the allegations, and the case was set for trial. Prior to trial, however, the district court dismissed the complaint for failure to state a claim. The court ruled that Smith's requests for injunctive relief were moot because he was no longer confined in the jail; rejected his claim that prison officials violated his constitutional rights by inspecting his nonprivileged mail; and concluded that his harassment claim did not allege a clear violation of constitutionally or federally protected rights. Concerning Smith's access-to-the-courts claim, the court found the allegations did not set forth a constitutional violation because Smith failed to follow established mail procedures, and he was only dissatisfied with the refusal to allow him to make up a missed library visit. The court also denied Smith's motion for appointed counsel. This appeal followed.

On appeal, Smith argues the district court lacked authority to dismiss his complaint sua sponte; the district court erred by dismissing his complaint without providing him with notice and an opportunity to respond; his complaint stated valid claims against each of the defendants; and the district court erred by finding his claim for injunctive relief moot.

■ We reject Smith's claim that the district court lacked authority to dismiss his complaint sua sponte. We previously have held that "[a] district court has the power to sua sponte dismiss a complaint

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

for failure to state a claim." *Mildfelt v. Circuit Court*, 827 F.2d 343, 345 (8th Cir. 1987) (per curiam); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988); 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 301 (2d ed. 1990). Smith argues that *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), forbids sua sponte dismissals under Rule 12(b)(6). But in *Neitzke*, the Court left unanswered the question of the permissible scope of such dismissals. *See id.* at 329 n. 8, 109 S.Ct. at 1834 n. 8. We now hold that a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process. *See Freeman v. Abdullah*, 925 F.2d 266, 267 (8th Cir.1991) (error to dismiss nonfrivolous complaint under Rule 12(b)(6) prior to service of process in light of *Neitzke*).

■ Smith next contends the district court committed reversible error by dismissing his complaint without giving him prior notice and an opportunity to respond. We disagree and hold that the failure to give such notice is not per se reversible error when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint. *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726–27 (D.C.Cir.1990) (per curiam); *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987); *see also McKinney v. Oklahoma Dept. of Human Servs.*, 925 F.2d 363, 365 (10th Cir.1991) (allowing dismissal without notice where plaintiff cannot prevail on facts alleged and amendment would be futile).[2] Though district courts should provide pre-dismissal notice, we decline to hold that the failure to give such notice mandates reversal. Rather, we will review the allegations of the complaint de novo, accept as true all well-pleaded allegations, and construe the complaint in the light most favorable to the plaintiff to determine whether it states a claim. *Wells v. Walker*, 852 F.2d 368, 369–70 (8th Cir.1988), *cert. denied*, 489 U.S. 1012, 109 S.Ct. 1121, 103 L.Ed.2d 184 (1989). We turn now to the allegations of Smith's complaint.

■ Upon review, we conclude the district court properly found the complaint failed to state a claim. First, as to the mail tampering claim, the inspection of nonprivileged mail does not violate a prisoner's constitutional rights. *See, e.g., Mosby v. Mabry*, 697 F.2d 213, 215 (8th Cir.1982) (per curiam); *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir.1981) (per curiam). We also note that Smith did not identify or name as defendants the officials who allegedly tampered with his mail, and Boyd cannot be held liable for their acts as a result of his general supervisory responsibility. *See Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989) (respondeat superior liability inapplicable in section 1983 cases).

■ Second, the district court correctly found Smith's access-to-the-courts claim meritless because Smith failed to allege how he was prejudiced by any of defendants' acts. *See Grady v. Wilken*, 735 F.2d 303, 306 (8th Cir.1984) (per curiam). Similarly, Smith did not indicate how he was harmed by the transfer from one tier to another within the same jail. Thus, his harassment claim was correctly dismissed. *See Meis v. Gunter*, 906 F.2d 364, 367 (8th Cir.1990) (complaint must allege harm to state justiciable section 1983 claim), *cert. denied*, —— U.S. ——, 111 S.Ct. 682, 112 L.Ed.2d 673 (1991). His denial-of-social-services claim fails to allege a constitutional violation. Finally, as the district court correctly concluded, Smith's release from the jail rendered his request for injunctive relief moot. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985); *Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir.1978).

---

**2.** We note other circuits have held that the failure to provide pre-dismissal notice mandates reversal. *See Street v. Fair*, 918 F.2d 269, 272 (1st Cir.1990) (per curiam); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183–85 (7th Cir. 1989); *Perez v. Ortiz*, 849 F.2d 793, 797–98 (2d Cir.1988); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir.1983); *Jefferson Fourteenth Assoc. v. Wometco*, 695 F.2d 524, 526 (11th Cir.1983). We decline to follow this rule because we find it too inflexible.

**1044**

Accordingly, we affirm the dismissal of Smith's complaint.