978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Clair D. FOSTER, Appellant,
v.
Officer McGOWEN; Officer Wilson; Officer Patterson;
Officer Voege; Officer Streb, all being police
officers of the Town of Hillsboro,
Missouri and; Bill Abney, a
private individual, Appellees.
 No. 92-2062.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 16, 1992.
Filed: November 2, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Clair D. Foster appeals the district court's[1] judgment for defendants in his civil rights action. We affirm.
 
 
 2
 Foster alleged that police officers stopped him because his vehicle license plate was expired and that he told them they did not have authority to enforce state-issued licenses. He also alleged that the officers "did a close inspection of the pick-up and made comments that there was no inspection sticker, that the front plate was unusual and improper, and looked closely at the rear plate." Additionally Foster alleged that, when asked to produce his driver's license, he twice replied, "I'm not required to have a license." Finally, he alleged that the officers conferred, placed him under arrest, and had his vehicle towed and impounded. Foster claimed that the police officers, along with the tow-truck driver, violated and conspired to violate his constitutional rights when they arrested him without a warrant or probable cause, unlawfully seized and impounded his truck, and refused to return his truck until he paid the towing bill.
 
 
 3
 Defendant police officers moved for summary judgment on the ground of qualified immunity, arguing that they had probable cause to arrest Foster when he failed to produce his driver's license, see Mo. Rev. Stat. § 302.181.3 (Supp. 1991); they lawfully impounded Foster's truck after he was taken into custody, see Mo. Rev. Stat. § 304.155.1 (Supp. 1991); and Foster was required to pay towing charges to retrieve his vehicle, see Mo. Rev. Stat. § 304.155.6 (1986 & Supp. 1991).
 
 
 4
 The district court granted the motion, determining that the officers had probable cause to arrest Foster and that the officers acted lawfully when they impounded Foster's vehicle following his arrest. The district court stated that these defendants were entitled to qualified immunity because reasonable officers would not have believed that they were violating any of Foster's clearly established rights. Foster now challenges the district court's decision to grant the summary judgment motion on the ground of qualified immunity.
 
 
 5
 After reviewing the record de novo in a light most favorable to Foster, see United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992), we conclude the district court correctly granted the police officers' motion for summary judgment. Our reasoning, however, differs from the district court's.
 
 
 6
 Foster's claim of unlawful arrest turns on whether he presented sufficient facts from which a reasonable juror could find that the officers lacked probable cause to arrest him. See Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1079 (8th Cir. 1990). "If probable cause was indeed present, it is not necessary to consider an immunity defense." Id. (citing Garionis v. Newton, 827 F.2d 306, 309 n.5 (8th Cir. 1987), and Deary v. Three Unnamed Police Officers, 746 F.2d 185, 192-93 (3d Cir. 1984)). Thus, we conclude that Foster's claim "failed at an analytically earlier stage of the inquiry into qualified immunity: his allegations, even if accepted as true, did not state a claim for violation of any rights secured to him" by the federal constitution. See Siegert v. Gilley, 111 S. Ct. 1789, 1791 (1991).
 
 
 7
 In light of Foster's complaint and his opposition to the summary judgment motion, the district court correctly determined that the officers had probable cause to arrest Foster, and we believe the court should have entered judgment for defendants for this reason without reaching the issue of qualified immunity. See Foster, 914 F.2d at 1079. The district court correctly held that Foster did not allege sufficient facts to establish a claim for conspiracy. Finally, we conclude the district court properly dismissed sua sponte Foster's claim against the tow-truck driver for failure to state a claim. See Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri