**Eldon S. SLANGAL, et al., Plaintiffs,**

v.

**Mark P. GETZIN, et al., Defendants.**

**No. 7:CV92–5014.**

United States District Court,
D. Nebraska.

March 29, 1993.

---

1. See *Gallagher v. Donald,* 803 F.Supp. 899 (S.D.N.Y.1992).

Eldon S. Slangal, pro se.

Terri Slangal, pro se.

George O. Barnwell, F.D.I.C., Washington, DC, for Mark P. Getzin.

James J. Frost, McGrath, North Law Firm, Omaha, NE, George O. Barnwell, F.D.I.C., Washington, DC, for James J. Frost.

John A. Andreasen, McGrath, North Law Firm, Omaha, NE, George O. Barnwell, F.D.I.C., Washington, DC, for John Andreasen.

Robert R. Gibson, Professional Legal Associates of Nebraska, P.C., Lincoln, NE, for Robert R. Gibson.

## MEMORANDUM AND ORDER

STROM, Chief Judge.

This matter is before the report and recommendation of the magistrate judge (Filing No. 21), plaintiffs' objections to the report and recommendation and for *de novo* determination (Filing No. 22), and plaintiffs' motion for recusal of Judge Strom pursuant to 28 U.S.C. § 455 (Filing No. 23).

### Motion for Recusal

The Court will first address plaintiffs' motion for recusal. Plaintiffs have filed a motion for recusal in which they claim that certain rulings of the Court in two prior actions were unconstitutional and void and did not properly apply controlling law.

Plaintiffs further allege that the undersigned must recuse himself because he is "now noticed that he is to be a material witness in the proceedings consistent with the facts controlling lawful determination." Title 28, U.S.C. § 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. As noted in *United States v. Gordon,* 634 F.2d 639, 641 (1st Cir.1980), a motion for recusal cannot be premised upon what a judge learned from his participation in the case in which recusal is sought. Grounds for recusal must come from an extra-judicial source. *See United States v. Grinnell Corporation,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). The Ninth Circuit has also stated this rule. In *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986), the Court stated: "The alleged prejudice must result from an extra-judicial source; a judge's prior adverse ruling is not sufficient cause for recusal." The claims of plaintiffs are premised upon this Court's rulings in prior cases. Therefore, they are not extra-judicial, and do not constitute valid grounds for a motion for recusal.

The other ground suggested is that plaintiffs are now notifying the Court that he will

be a material witness in a proceeding in this case. Since the Court finds in the second portion of this opinion that the magistrate judge's report and recommendation is correct and should be adopted, and plaintiffs' objections thereto denied, there is no basis to further consider this allegation. For these reasons, plaintiffs' motion for recusal shall be denied.

### Objections to Report and Recommendation

■ Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has now reviewed the original complaint, the amended complaint, the magistrate judge's report and recommendation, and plaintiffs' objections thereto. Initially, the Court notes that plaintiffs' premise that the two cases, CV. 86-0-57 and CV. 86-0-100, were the same cause of action is incorrect. The Court has reviewed both of those files. CV. 86-0-57 was an action to protect its security interest in certain property which had been pledged to secure the payment of a series of notes totalling approximately $277,-000. The action sought to recover possession of the pledged collateral, and nothing further. CV. 86-0-100 was an action filed by plaintiff to secure a judgment on the unpaid balance due on the promissory notes which had been executed by plaintiffs between the dates of May 17, 1984, and November 28, 1984. The total principal amount of those notes was $277,000. The amount claimed due at the time of the filing of CV. 86-0-100 was $175,429.30. Those two actions are not the same cause of action. Relief in each was different, and there was nothing improper about the two separate suits being filed and judgment being entered thereon.

As there are no bases for plaintiffs' objections to the report and recommendation of the magistrate judge, and the Court has carefully reviewed said report and recommendation, and finds that it correctly analyzes the plaintiffs' amended complaint and the applicable law, and the Court finds the report and recommendation should be approved and adopted in its entirety. Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion for recusal of Judge Strom is denied.

2) The report and recommendation of the magistrate judge (Filing No. 21) is approved and adopted in its entirety.

3) Plaintiffs' amended complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### REPORT AND RECOMMENDATION

PIESTER, United States Magistrate Judge.

Plaintiffs have filed an amended complaint pursuant to an order of the court. (Filing 8) Because plaintiffs are proceeding without the assistance of counsel, their amended complaint is before this court for initial review pursuant to Local Rule 52.[1] Liberally construing the allegations of the amended complaint, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), I conclude plaintiffs' have failed to state a claim upon which relief may be granted. I shall recommend dismissal.

Plaintiffs' original complaint was in violation of *Fed.R.Civ.P.* 8(a). The complaint was neither "short" nor a "plain statement of the claim." (Filing 8 at 3). Plaintiffs have now filed an amended complaint and have served copies of the amended complaint on defendants. According to the allegations of the amended complaint, plaintiffs executed a number of promissory notes to Farmers State Bank between May 17, 1984 and November 28, 1984. The Federal Deposit Insurance Corporation (FDIC) took over the "assets and causes of action" of the Farmers State Bank on December 19, 1985.

Defendant Frost, an attorney for FDIC, brought an action on behalf of FDIC, apparently for failing to pay on the promissory notes. The action, filed on January 30, 1986 was case CV 86-0-100. Plaintiffs allege that "damages/equity in CV 86-0-100 were not provable as a matter of fact or law due to the existence of complete repayment on the

---

**1.** For an explanation of *sua sponte* review of *pro se* pleadings pursuant to Local Rule 52 see filing 8, p. 1, fn. 2.

Debt." (Filing 19 at 3). Plaintiffs state that all defendants "are alleged to have acted, in initiating or otherwise forwarding the litigations against the Plaintiffs, in a conspiracy designed to conceal the fact of the true and correct totality of the Plaintiffs' obligations to FDIC pursuant to a papertrail based on fraud."

Plaintiffs claim that Plaintiffs received "favorable Court Orders in CV 86–0–100, only to have the Defendants misapply the orders [sic] effect." (Filing 19 at 5) Plaintiffs include an exhibit which indicates that the FDIC prevailed in CV 86–0–100 and were awarded $195,400.30. (Filing 1, exhibit C). Plaintiffs claim they "extinguished all debts" prior to the filing of CV 86–0–100 and thus a "fraud" was perpetrated by the filing of the action and the court's finding for defendants. (Filing 19 at 5).

After the judgment was entered in CV 86–0–100, an action was commenced in Custer County District Court to satisfy the judgment by attaching plaintiffs' property. J8–289. Plaintiffs contend that through that action, defendants sold property that was not secured by previous notes and used the proceeds for improper purposes. (Filing 19 at 5–6). Plaintiffs claim that defendants have violated plaintiffs rights of access to the courts and to due process of the law.

### COLLATERAL ATTACK OF A JUDGMENT

The basis of plaintiffs' claims is that defendants committed a fraud in convincing the courts in CV86–0–100 and J8–289 that plaintiffs owed more money on the notes than plaintiffs owed in reality. In essence, plaintiffs are attempting to challenge the findings made in the prior cases. Generally, a judgment of a court may not be collaterally attacked unless it is void. That is, a separate action may not be brought challenging the decision of a previous case unless the court was without jurisdiction to reach that decision. *Lammers Land & Cattle Co. v. Hans*, 213 Neb. 243, 249, 328 N.W.2d 759 (1983). Additionally, a judgment may be void if "extrinsic" fraud is involved. *Marshall v. Marshall*, 240 Neb. 322, 482 N.W.2d 1 (1992). A collateral attack may not be made on a previous judgment, however, if the fraud was "intrinsic" to the case. *Id.*

Extrinsic fraud is based on conduct or activities outside of the court proceedings themselves. *In re Dryden's Estate*, 155 Neb. 552, 52 N.W.2d 737 (1952). *See also* 47 Am.Jur.2d Judgments 1239. Intrinsic fraud relates to issues involved in the original action which were litigated or could have been litigated in the original action. *See Marshall, supra*; 46 Am.Jur.2d § 826, pp 982–83. The issue in the previous cases was the amount of money owed by plaintiffs to the FDIC. The fraud which plaintiffs cite is regarding precisely the same issue: the amount properly owed by plaintiffs. Thus the fraud of which plaintiffs complain is intrinsic to the prior proceedings. Plaintiff may not collaterally attack the prior proceedings based on this type of alleged fraud. *Marshall supra.*

The conduct claimed by plaintiffs could have been the subject matter of a defense in the previous cases and could have been used in a direct appeal of the decisions. Having failed to so appeal, plaintiffs waived their opportunity to challenge the amount found by the courts to be owed on the promissory notes. Plaintiffs have therefore failed to state any claim upon which relief may be granted. *Fed.R.Civ.P.* 12(b)(6). I shall recommend dismissal.

### 12(b)(6) DISMISSAL

A bit needs to be said regarding the procedure of recommending dismissal of this claim, *sua sponte*, pursuant to Rule 12(b)(6). Although the United States Supreme Court has not yet addressed the issue of *sua sponte* dismissals under Rule 12(b)(6), *see Neitzke v. Williams*, 490 U.S. 319, 329 n. 8, 109 S.Ct. 1827, 1834 n. 8, 104 L.Ed.2d 338 (1989), the Eighth Circuit has repeatedly held such dismissals are permitted. *See, e.g., Wabasha v. Smith*, 956 F.2d 745 (8th Cir.1992) (per curiam); *Smith v. Boyd*, 945 F.2d 1041 (8th Cir.1991); *Midfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir.1987) (per curiam); *Tatum v. Iowa*, 822 F.2d 808, 810 (8th Cir.1987) (per curiam); *K/O Ranch, Inc. v. Norwest Bank of Black Hills*, 748 F.2d 1246, 1248, n. 3 (8th Cir.1984).

■ However, there appears to be some disagreement among various panels of the Eighth Circuit as to the appropriateness of such dismissals prior to service of process. *Compare Wabasha v. Smith,* 956 F.2d 745 (affirming *sua sponte* 12(b)(6) dismissal prior to service of process), and *Martin–Trigona v. Stewart,* 691 F.2d 856, 858 (8th Cir.1982) (per curiam) (proper to dismiss *sua sponte* prior to service of process); to *Smith v. Boyd, supra; Freeman v. Abdullah,* 925 F.2d 266 (8th Cir.1991). Insofar as this court's practices are concerned, I conclude that when *sua sponte* dismissals are appropriate, they can, and should, be made prior to service of process.

In 1982, the Eighth Circuit first noted that "under Rule 12(b)(6), a district court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim...." *Martin–Trigona v. Stewart,* 691 F.2d at 858 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1357 at 593 (1969)).[2] Since that time, *Martin–Trigona* has repeatedly been cited for the proposition that a district court has the power *sua sponte* to dismiss a complaint for failure to state a claim under Rule 12(b)(6). *See Midfelt v. Circuit Court of Jackson County, Mo.,* 827 F.2d at 345; *Tatum v. Iowa,* 822 F.2d at 810; *K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d at

1248, n. 3. These decisions neither held nor implied that service of process should precede *sua sponte* dismissals under Rule 12(b)(6).

In 1991, a panel of the Eighth Circuit[3] apparently sought to limit the circumstances under which a district court could dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6), by announcing that "[a] complaint can be dismissed prior to service [of] process only if it is frivolous under 28 U.S.C. § 1915(d)." *Freeman v. Abdullah,* 925 F.2d at 267. The court cited no authority for such a rule, and the opinion neither cited nor discussed the previous holdings dealing with *sua sponte* dismissals under 12(b)(6). Shortly thereafter, the same panel cited to *Freeman* when holding that "a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as dismissal does not precede service of process." *Smith v. Boyd,* 945 F.2d at 1043. *See also Addison v. Pash,* 961 F.2d 731 (8th Cir.1992) (same). The *Smith v. Boyd* decision marked the first time that a panel of the Eighth Circuit explicitly conditioned *sua sponte* dismissal under 12(b)(6) upon prior service of process—a limitation not present in prior Eighth Circuit decisions addressing the issue, and not contained in Rule 12(b)(6) itself.

The practical utility of the rule set forth in *Smith v. Boyd* is unclear.[4] The rule does not

2. In *Martin–Trigona,* a *pro se* plaintiff submitted two complaints to the district court for filing. After reviewing the complaints and noting that neither complaint was accompanied by a filing fee or a request to proceed in forma pauperis, the district court dismissed the complaints *sua sponte* "in accordance with § 1915, Title 28, United States Code, and Rule 12(b), Federal Rules of Civil Procedure." *Id.* at 857. On appeal, the Eighth Circuit noted it was unclear from the court records whether the complaints had actually been filed, but concluded "a dismissal, whether pursuant to § 1915(d) or Fed. Rules Civ.Proc.Rule 12(b), presupposes a filing" and went on to hold that the *sua sponte* dismissal under Rule 12(b)(6) was proper. *Id.* at 858. Although not expressly stated by the court, it is apparent from the opinion and the circumstances surrounding the dismissal that the plaintiff's complaints were dismissed prior to service of process.

3. The panel was comprised of Judges McMillian, Fagg, and Magill.

4. Although a reason for the rule has never been articulated clearly by the court, the panel in *Smith v. Boyd* noted parenthetically that *Freeman* held it was "error to dismiss [a] nonfrivolous complaint under Rule 12(b)(6) prior to service of process in light of *Neitzke.*" To the extent the decisions in *Smith* and *Freeman* are premised upon the conclusion that the Supreme Court's decision in *Neitzke* somehow precludes *sua sponte* dismissals under Rule 12(b)(6) prior to service of process, I take exception. As I read *Neitzke,* the Supreme Court specifically reserved this issue; footnote 8 of the Court's opinion states, "We have no occasion to pass judgment, however, on the permissible scope, if any, of *sua sponte* dismissals under Rule 12(b)(6)." *Neitzke,* 490 U.S. at 329, 109 S.Ct. at 1834. *Neitzke* cannot properly be read, therefore, to forbid *sua sponte* dismissals under Rule 12(b)(6), either before or after service of process. In fact, the Supreme Court's statement that litigants proceeding in forma pauperis must be treated on equal footing with paying litigants, *see Neitzke,* 490 U.S. at 329–30, 109 S.Ct. at 1834–35, counsels against allowing dismissal prior to service of process under section 1915(d), while requiring

require that district courts wait for a responsive filing before dismissing an action *sua sponte* under 12(b)(6); it requires simply that process be served prior to such a dismissal. Furthermore, it does not appear the rule stems from concern for assuring that plaintiffs receive notice and an opportunity to respond prior to *sua sponte* dismissals under 12(b)(6). *See Addison v. Pash*, 961 F.2d 731 (8th Cir.1992) (district court commits no error in *sua sponte* dismissing complaint pursuant to 12(b)(6) without allowing plaintiff an opportunity to amend or object, so long as defendants have been served); *Smith v. Boyd*, 945 F.2d at 1043 (failure to give notice and an opportunity to respond prior to *sua sponte* dismissal under 12(b)(6) is not per se reversible error when "it is patently obvious the plaintiff could not prevail on the facts alleged in the complaint.") [5]

Recently, a panel of the Eighth Circuit [6] affirmed, with little discussion, the *sua sponte* dismissal of a complaint prior to service of process. *See Wabasha v. Smith*, 956 F.2d 745 (8th Cir.1992) (per curiam). Although the opinion itself does not indicate whether the complaint was dismissed by the district court as frivolous under § 1915(d) or for failure to state a claim under Rule 12(b)(6), the dissent provides illumination by explaining that the complaint was dismissed prior to service of process under "the standard for failure to state a claim." *Wabasha* at 746 (Heaney, J., dissenting). *See also Bilal v. Kaplan*, 956 F.2d 856 (8th Cir.1992) (upholding *sua sponte* dismissal of complaint as barred by *res judicata*, prior to service of process).

Thus, it appears there are divergent views over whether a district court may dismiss a complaint *sua sponte* under 12(b)(6), prior to service of process. Although this apparent disparity presents a dilemma for magistrate judges who recommend dismissals under Rule 12(b)(6), *Martin–Trigona* and its progeny remain good law. *See Woodard v. Sargent*, 806 F.2d 153, 156 (8th Cir.1986) (one panel of the Eighth Circuit cannot overrule another panel decision directly). Accordingly, when presented with complaints where *sua sponte* dismissal is appropriate, I choose to follow the more pragmatic approach first set forth in *Martin–Trigona* and recently reaffirmed in *Wabasha*, and recommend dismissal of the complaint prior to service of process. Though my decision to recommend dismissal prior to service of process rests soundly upon Eighth Circuit precedent, I believe it is further supported by considerations of judicial economy and equal treatment for both indigent and paying litigants.

This court, like so many others in the nation, has experienced an increased number of *pro se* filings since the 1970's. In order to effectively and efficiently address the increased workload accompanying those filings, this court, again like many others, has adopted procedures aimed at providing access to the courts for unrepresented litigants, screening meritless claims, and providing for the prompt progression of such cases to ultimate resolution. The procedures adopted here are embodied, for the most part, in Local Rule 52.

In summary, Local Rule 52 provides for the *sua sponte* review of all *pro se* complaints, whether they are filed by plaintiffs who pay the filing fee, or by plaintiffs proceeding in forma pauperis. This review is conducted by a magistrate judge as soon as practicable after the plaintiff is granted leave to proceed in forma pauperis, or, in the case of paying plaintiffs, as soon as practicable after the plaintiff has paid the filing fee.[7] If the magistrate judge concludes the complaint states a claim as against all defendants, the

---

service of process before dismissing under 12(b)(6).

**5.** Interestingly, the panel in *Smith v. Boyd* recognized that other circuits "have held that the failure to provide pre-dismissal notice mandates reversal," but the panel declined to follow such a rule, finding it "too inflexible." *Id.* at 1043, n. 2.

**6.** The panel was comprised of Judges Beam, Heaney and Loken.

**7.** Paying plaintiffs are advised by the clerk that they may, if they choose, require the issuance of summons for service upon the defendants prior to this "initial review" being completed, or, alternatively, may wait to have summons issued in accordance with the magistrate judge's review; if they choose the latter, some expense of service may be saved.

clerk is ordered to issue summons for service upon them. If the magistrate judge concludes the complaint fails to state a claim as against any or all defendants, a memorandum is issued setting out the deficiencies in the complaint, and an order is entered giving the plaintiff leave to file an amended complaint in which to correct the deficiencies. Thereafter, if no amended complaint is filed within the time permitted by the order, the case is transferred to the assigned district judge, who reviews it and, if he concurs in the magistrate judge's assessment of the plaintiff's claims, dismisses the case or that portion of it found to be wanting.[8]

If an amended complaint is filed in accordance with the magistrate judge's order, the amended complaint is referred to the magistrate judge for a second review. If, upon completion of this review, the amended complaint is found to have remedied the deficiencies pointed out in the first memorandum by the magistrate judge, an order is issued directing the clerk to issue summons for service upon the defendant(s). If all or some of the claims are found again to be such that the magistrate judge concludes, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80

(1957), the magistrate judge prepares, pursuant to 28 U.S.C. § 636(b),[9] a recommendation for dismissal. Depending upon the plaintiff's filing fee status and upon the relative merits of the claim, this recommendation may be grounded upon either § 1915(d),[10] or Rule 12(b)(6).

If the plaintiff is proceeding in forma pauperis, the pleading is reviewed applying, first, the standard of "frivolousness" required by § 1915(d); that is, whether the plaintiff's claim is frivolous or malicious as discussed in *Neitzke*. If the claim is found not to be "frivolous or malicious" under § 1915(d), the claim is reviewed under the standard of *Conley v. Gibson, supra.*[11] After that review, the magistrate judge may recommend the claim be dismissed if it fails either of these tests, and the recommendation will specify the test applied. If the plaintiff is not proceeding in forma pauperis, § 1915(d) does not apply, and the only possible source of authority to dismiss a claim on the merits is Rule 12(b)(6), regardless of whether the claim is frivolous or "arguable."

In *Neitzke* the Supreme Court set forth various procedural protections afforded the typical plaintiff confronted with a motion to dismiss filed by a defendant pursuant to Rule

---

**8.** This dismissal is also *sua sponte*, and precedes the issuance of summons.

**9.** 28 U.S.C. § 636(b)(1) addresses the referral of a "motion" to dismiss. This has been applied to the court's own motions as well as those filed by defendants. In addition, the "additional duties" language of § 636(b)(3) would seem to authorize such recommendations, in keeping with the procedure set out in subsection (b)(1).

**10.** The Supreme Court, in *Denton v. Hernandez*, —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), held that certain dismissals pursuant to § 1915(d) were to be made without prejudice, allowing the plaintiff to refile the claim after paying a full civil filing fee. According to *Denton*, a complaint which is found to be factually frivolous, that is without an arguable basis in fact, *Id.* at ——, 112 S.Ct. at 1733, *citing Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831, should be dismissed without prejudice, because the dismissal is not "on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute." *Id.* at ——, 112 S.Ct. at 1734. *Denton* left open the question of whether a dismissal pursuant to § 1915(d) for lack of an argu-

able basis in law, *see Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831, would also be made without prejudice.

**11.** The Supreme Court in *Neitzke* addressed the theoretical differences between those meritless claims which are "frivolous" and those that are merely destined to fail for other reasons under the *Conley v. Gibson* test. In the practical context of applying the standards, examples may be helpful. Those "arguable" claims which might nevertheless be dismissed for failure to state a claim might include claims which have previously been rejected by this court and perhaps not appealed; claims which seek to establish a previously-unrecognized, but not specifically rejected, statutory or constitutional right; claims for which the pleadings and attachments establish a full factual record which forecloses the plaintiff's claim as a matter of law; claims which are pleaded in completely conclusory language, leaving them without any substance even though they may assert recognized statutory or constitutional rights; claims which fail to adequately describe the involvement of some of the named defendants; claims foreclosed by circuit, but not Supreme Court, precedent; as well as others.

12(b)(6). *See Neitzke,* 490 U.S. at 329–30, 109 S.Ct. at 1833–34 (plaintiff is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint). The procedure utilized by this court affords an unrepresented plaintiff the equivalent of each of these protections. Notice is accorded a plaintiff who has failed to state a claim upon which relief may be granted, as noted above, through the issuance of a memorandum by the magistrate judge setting out the deficiencies in the complaint, giving plaintiff leave to file an amended complaint in which to correct those deficiencies, and clearly warning the plaintiff that failure to correct those deficiencies within the time prescribed by the court will lead to a recommendation of dismissal. Of course, this recommendation provides further notice to the plaintiff that the court is considering the dismissal of one or more of the plaintiff's claims. A meaningful opportunity to respond is provided by allowing the plaintiff either to correct the noted deficiencies in an amended complaint or file of an objection to the recommendation of dismissal.

Only one of the factors considered by Justice Marshall in *Neitzke* is not absolutely included in the procedure utilized in this court: the use of the adversary process to produce a record for appeal. *Neitzke* at 330, 109 S.Ct. at 1834 (adversarial process "crystallizes pertinent issues and facilitates appellate review."). It must be remembered, however, that there likewise is no adversary process at work in dismissals pursuant to § 1915(d).[12] I fail to see how the lack of an adversary process in dismissals pursuant to Rule 12(b)(6)—assuming that to be an evil in these circumstances—is any more evil than the lack of such a process in dismissals under § 1915(d). Surely if one is inappropriate, the other must equally be inappropriate. Conversely, I reason that if one is proper—as the Supreme Court has ruled—the other must equally be proper.

There are other actions commonly taken by a court, *sua sponte,* which affect the outcome of proceedings, indeed the access to the court itself, which have not been prohibited because of the lack of adversary testing. For example, Rule 12(h)(3) of the Federal Rules of Civil Procedure authorizes, indeed requires, the court to dismiss a case if it appears that jurisdiction is lacking, even in the absence of a motion by one of the parties. In addition, the court may *sua sponte* impose sanctions under Rule 11 of the Federal Rules, including the involuntary dismissal of a case. *Chambers v. NASCO, Inc.,* —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Anderson v. United Parcel Service,* 915 F.2d 313, 315 (7th Cir.1990); *Joiner v. Delo,* 905 F.2d 206, 208 (8th Cir.1990); *American Inmate Paralegal Assoc. v. Cline,* 859 F.2d 59, 61–62 (8th Cir.) (per curiam), *cert. denied,* 488 U.S. 996, 109 S.Ct. 565, 102 L.Ed.2d 590 (1988). Rule 41(b) of the Federal Rules of Civil Procedure allows the court to dismiss a case for failure to prosecute, failure to comply with the rules of civil procedure, or failure to abide by an order of the court. Although Rule 41(b) is restricted in its wording to situations in which a motion to dismiss is filed, it has been interpreted to include *sua sponte* dismissals as well. *See American Inmate Paralegal Assoc., supra;* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2369 (1971) and cases cited therein. Further, in deciding whether to grant a litigant leave to proceed in forma pauperis—thus deciding whether to allow the commencement of a case at all—there is no adversary testing of the court's exercise of its discretion. Hence, while it must be conceded that the use of *sua sponte* or *ex parte* rulings should be the exception and not the rule, the lack of adversarial argument need not *per se* bar *sua sponte* dismissals.

The reason, I suspect, that *sua sponte* rulings are permitted in the above (and, no doubt, other) situations, is that the court must have the power and authority to effectively manage its business so as to provide "the just, speedy, and inexpensive determina-

---

**12.** Neither section 1915(d) nor Rule 12(b)(6) explicitly grants or denies authority to dismiss *sua* *sponte.*

tion of every action." *Fed.R.Civ.P.* 1. As has been said on numerous occasions, the time spent by court personnel and judges on the administration and resolution of meritless cases detracts from and reduces the attention available to give to serious legal disputes. *See, e.g., Neitzke, supra; Baker v. Director, U.S. Parole Com'n.*, 916 F.2d 725, 726–27 (D.C.Cir.1990) (per curiam) (affirming *sua sponte* dismissal under Rule 12(b)(6) prior to service and without notice and opportunity to respond where it was apparent that claimant had not "advanced a shred of a valid claim" and the observance of strict procedural protections would only "lead to a waste of judicial resources"); *In re Tyler*, 677 F.Supp. 1410 (D.Neb.1987), *aff'd*, 839 F.2d 1290 (8th Cir.1988). When meritless claims absorb the court's limited resources *unnecessarily*, the interests of justice are disserved. That disservice is equally costly in both kinds of "meritless" cases: those that are frivolous as well as those which fail to state a claim. The court's power to screen out meritless claims should be equally effective in both situations, so long as litigants' substantive rights are protected.

As discussed above, the protections described in *Neitzke* are afforded the *pro se* plaintiff, and additional assistance in the form of liberal construction is provided. The lack of adversarial process in the dismissal of a *pro se* complaint under Rule 12(b)(6), as the procedure is utilized in this court, does not infringe upon any right of the plaintiff. Plaintiffs have no inherent right to the costly issuance and service of summons in a merit-

less case. Indeed, it negates the purpose underlying *sua sponte* dismissals of meritless complaints to condition such dismissals upon the "sisyphean task of serving invalid summonses on the multitude of defendants." *Haugen v. Sutherlin* 804 F.2d 490, 491 n. 2 (8th Cir.1986).[13]

Lastly, I note that the Supreme Court in *Neitzke* strongly intimated, although it stopped short of stating it explicitly, that a plaintiff proceeding in forma pauperis must be treated equally with one who has paid a filing fee. *Neitzke*, 490 U.S. at 329–30, 109 S.Ct. at 1833–34 (purpose of the in forma pauperis statute is to assure indigent litigants receive the same consideration as paying litigants). In my view, serious equal protection concerns are raised by allowing *sua sponte* dismissal of an indigent plaintiff's meritless *pro se* complaint prior to service of process, while simultaneously allowing *sua sponte* dismissal of a paying plaintiff's meritless *pro se* complaint only after the defendants have been served. I do not believe such a practice meets either the implicit standards of *Neitzke* or the obligation of the courts to be open and accessible to all.

While I agree that the court should be circumspect in dismissing a case, *sua sponte*, prior to service of process, the Supreme Court in *Neitzke* clearly held that it is permissible to do so. The focus of this discussion has been whether it is permissible to do so under authority of Rule 12(b)(6) *in addition to* the authority of § 1915(d). I believe it is. The review process conducted by a magistrate judge affords the unrepresented

---

**13.** Furthermore, to the extent that the plaintiff could claim some right to an appearance by a defendant in pressing a motion to dismiss, I fail to see how an appearance by the defendant would add to the protections outlined in *Neitzke;* it would merely cause the complaint's deficiencies to be asserted more forcefully, perhaps. If the plaintiff's pleadings are insufficient for the court to evaluate the claim without the development of a record, the district court can certainly determine that as easily before the service of summons as it typically does once a Rule 12(b)(6) motion has been filed. This is an assessment required to be made under the rule, and frequently results in denials of motions and the requirement that cases proceed beyond the

pleading stage. I fail to see how the presence of the defendant would enhance the trial court's ability to make this assessment, or the appellate court's ability to review it. If anything, it seems to me that the absence of the defendant at this stage would tend to benefit the plaintiff, since the court is required to give the complaint the benefit of liberal construction and acceptance of the allegations as true. *Haines, supra.* The defendant's filing a motion to dismiss accompanied by evidentiary material could cause the matter to be treated as a motion for summary judgment, subjecting the plaintiff to the more rigorous requirements of Rule 56(e) of the Federal Rules of Civil Procedure. *See Postscript Enterprises v. City of Bridgeton,* 905 F.2d 223, 226 (8th Cir.1990).

plaintiff some guidance, by describing the legal requirements of asserting the claims discernible from the pleadings, and thus gives the plaintiff the means to decide whether to press his or her claim either through the filing of an amended complaint, or by objecting to the magistrate judge's recommendation for dismissal. It is true that this procedure is not "adversarial," but in my view, it would be both expensive and delaying, while serving no particularized salutary purpose, to engage in this procedure only after the service of process.

In this case, dismissal under Rule 12(b)(6) is warranted as plaintiff has received full notice of the insufficiency of his original complaint and received a meaningful opportunity to respond through an invitation to file an amended complaint in order to remedy the noted failings. The amended complaint having failed to remedy the noted deficiencies, I shall recommend this action be dismissed pursuant to Rule 12(b)(6).[14]

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Lyle E. Strom, Chief Judge, in accordance with 28 U.S.C. § 636(b), that this action be dismissed pursuant to *Fed.R.Civ.P.* 12(b)(6).

The plaintiff is notified that unless objection is made within ten days after being served with a copy of this recommendation, he may be held to have waived any right he may have to appeal the court's order adopting this recommendation.

Dated November 24, 1992.

## MEMORANDUM AND ORDER

Plaintiffs have filed a motion for an enlargement of time in which to respond to the defendant Gibson's pending motion to dismiss. Defendant Gibson filed his motion to dismiss on November 17, 1992 (filing 20). According to the local rules then in existence, plaintiffs had twenty days to respond. *See,* former Local Rule 20. Rule 6 of the *Federal Rules of Civil Procedure* extended this response time by three days to accommodate mailing. Thus, plaintiffs had twenty-three days in which to respond. Twenty-three days from November 17, 1992 was December 7, 1992. The motion for enlargement of time was filed December 24, 1992, after the expiration of the time allowed for submitting a response to the motion.

Rule 6(b)(2), *Fed.R.Civ.P.*, provides that after the expiration of the specified time period to act, a motion for an extension of time must demonstrate that the failure to act was the result of "excusable neglect." Plaintiffs' motion does not demonstrate "excusable neglect." Although plaintiffs rely upon their *pro se* status, that status is not sufficient to excuse them from the compliance with or observation of the *Federal Rules of Civil Procedure* and the local rules of this court. I find no excusable neglect, and the motion to

14. I note that the dismissal should be with prejudice. The Supreme Court recently held, in *Denton v. Hernandez,* —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), that certain dismissals under § 1915(d) are made, not on the merits of the claim, but rather as "an exercise of the court's discretion under the *in forma pauperis* statute." *Id.* at ——, 112 S.Ct. at 1734. A plaintiff whose claim was dismissed in such a fashion may refile the claim after a paying the full filing fee for a civil case. My reading of *Denton* leads me to conclude that the Court's decision does not affect the case at bar. *Denton* limited dismissal without prejudice to § 1915(d) dismissals when the court "pierce[s] the veil of the complaint's factual allegations" and finds those allegations "fanciful," "fantastic," or "delusional." *Id.* at ——, 112 S.Ct. at 1733, *citing Neitzke,* 490 U.S. at 325–328, 109 S.Ct. at 1831–1833. The recommendation of dismissal of plaintiff's amended complaint is made pursuant to Rule 12(b)(6), and is made on the merits of the factual allegations of the amended complaint. The dismissal without prejudice language in *Denton* does not purport to encompass a 12(b)(6) dismissal such as this, and is therefore not applicable. Plaintiff's amended complaint should be dismissed with prejudice.

 

extend the response period for the motion to dismiss will be denied.

There is an alternative ground upon·which to deny the motion for enlargement of time. There is pending a report and recommendation of the undersigned magistrate judge recommending a *sua sponte* dismissal of this case as a result of the amended complaint's failure to state a claim upon which relief may be granted as against any defendant. If that recommendation is adopted, defendant Gibson's motion to dismiss is moot, and so, of course, would be the plaintiffs' motion for an enlargement of time.

IT THEREFORE HEREBY IS ORDERED, the motion for enlargement of time, filing 24, is denied.

Dated February 22, 1993.