998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Bryant PITTMAN, Appellant,
v.
Vincent BANKS; Horace Williams; Unknown Greenlee, Captain;
Erma Belle; Unknown Demphsey; Unknown Connely;
Mike Hough; Martin Cameron; Jim Phil;
Joseph O'Hara; Unknown
Perkins, Appellees.
 No. 93-1545EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 8, 1993.
Filed: July 29, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bryant Pittman appeals the district court's order granting the appellees summary judgment in Pittman's civil rights action. We affirm.
 
 
 2
 Pittman, an inmate of the Missouri Department of Corrections (MDC), brought this 42 U.S.C. § 1983 action against MDC employees. Pittman claims the appellees conspired and retaliated against him by filing false conduct violation reports and retaining him in administrative segregation. Pittman also claims the appellees violated his due process rights when they did not allow Pittman to call witnesses at an Adjustment Board hearing on the conduct violations, would not allow Pittman to take a physical stress examination (PSE), and denied Pittman access to an attorney.
 
 
 3
 To state a conspiracy claim under § 1983, Pittman must assert "specific facts showing '[a] meeting of [the] minds' among alleged conspirators." Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam) (quoting Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988)), cert. denied, 113 S. Ct. 977 (1993). Pittman failed to provide sufficient facts to show a meeting of the minds among the appellees, or to show how the appellees conspired against him when they filed and enforced the conduct violations. Similarly, Pittman's claims of retaliation are conclusory and unsupported by any facts sufficient to state a claim for violation of Pittman's constitutional rights. See Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam); Ervin v. Ciccone, 557 F.2d 1260, 1262 (8th Cir. 1977) (per curiam). Indeed, the record is replete with evidence to support Pittman's conduct violation charges. Thus, the district court correctly ruled that Pittman failed to state § 1983 claims for conspiracy and retaliation.
 
 
 4
 Pittman contends the appellees denied him due process by not allowing him to call witnesses at his hearing and not allowing him to take a PSE test. We disagree. Pittman did not identify the witnesses, what testimony they would offer, or how the absence of the unidentified witnesses harmed him. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991). Pittman also did not produce facts to show why he wanted to take a PSE test, or how he was harmed by the denial of the test. See Smith, 945 F.2d at 1043. Thus, the district court correctly ruled that Pittman failed to state a due process claim.
 
 
 5
 Finally, Pittman contends the appellees denied him access to an attorney when they did not allow him to call an attorney until a few hours after Pittman made his request. Pittman admits in his deposition that the attorney he was trying to call did not represent him. Further, Pittman does not explain how the delay prejudiced, injured, or significantly impaired any legal proceeding in which he was a party. See id.; see also Benzel v. Grammer, 869 F.2d 1105, 1108 (8th Cir.) (prison officials may restrict inmates' right to use telephone in reasonable manner rationally related to legitimate security interests), cert. denied, 493 U.S. 895 (1989). Thus, the district court correctly determined that the appellees did not deny Pittman's access to counsel.
 
 
 6
 Accordingly, we affirm.