# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2098

_____

Jerome E. Watts-El,                          *
                                             *
              Appellant,                     *
                                             *    Appeal from the United States
       v.                                    *    District Court for the Southern
                                             *    District of Iowa.
John Mathes, Warden; Jim                     *
Helling, Deputy Warden; John                 *
Emmitt, Security Director, and               *         [UNPUBLISHED]
any known or unknown defendants,             *
                                             *
              Appellees.                     *

_____

Submitted:   October 2, 2002
    Filed:   November 19, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
       Judges.

_____

PER CURIAM.

       Iowa inmate Jerome E. Watts-El appeals from the district court's dismissal of
his 42 U.S.C. § 1983 action without prejudice to the right to pursue state tort
remedies.  Having carefully reviewed the record and the arguments presented on
appeal, see Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam) (de
novo review of dismissal for failure to state claim; pro se complaint liberally
construed), we conclude that dismissal of the due process claim was proper as there

were adequate postdeprivation remedies available, see Hudson v. Palmer, 468 U.S. 517, 533 (1984); Iowa Code Ann. §§ 669.2, 669.4 (1998 & Supp. 2002).

We reverse and remand to the district court, however, for further development of the record as to whether Watts-El can establish an actual injury with respect to a claim of denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 349-52 (1996) (inmate must establish actual injury for court-access claim); Goff v. Nix, 113 F.3d 887, 892 (8th Cir. 1997) (taking of inmate's legal papers "can be a constitutional violation when it infringes his right of access to the courts").

Accordingly, we affirm the dismissal of the due process claim, reverse the dismissal of the court-access claim, and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.