# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4188

_____

| | | |
|---|---|---|
| Malendia Wade-Lemee, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Board of Education of the City of | * | Eastern District of Missouri. |
| St. Louis, also known as St. Louis | * | |
| City Public School District; Darnetta | * | [UNPUBLISHED] |
| Clinkscale, in her capacity as | * | |
| President and Member of the Board of | * | |
| Education for the City of St. Louis; | * | |
| Ronald Jackson, in his capacity as | * | |
| Vice President and Member of the | * | |
| Board of Education for the City of St. | * | |
| Louis; Veronica O'Brien, in her | * | |
| capacity as a Member of the Board of | * | |
| Education for the City of St. Louis; | * | |
| Robert Archibald, in his capacity as a | * | |
| Member of the Board of Education for | * | |
| the City of St. Louis; Vincent C. | * | |
| Schoemehl, Jr., in his capacity as a | * | |
| Member of the Board of Education for | * | |
| the City of St. Louis; Flint Fowler, in | * | |
| his capacity as a Member of the | * | |
| Board of Education for the City of St. | * | |
| Louis; William Purdy, in his capacity | * | |
| as a Member of the Board of Education | * | |
| for the City of St. Louis, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 31, 2006
Filed: November 14, 2006
_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.
_____

PER CURIAM.

Malendia Wade-Lemee appeals the district court's dismissal of her state and federal claims of disability discrimination against the Board of Education of the City of St. Louis (Board), as well as her state law tort claims against individual Board members in their official capacities. Wade-Lemee alleged she was terminated from her position with the St. Louis City Public School District because of a disability. According to Wade-Lemee, she was subsequently offered a position with the East St. Louis School District, but the district later "put her on indefinite hold" and did not hire her. She discovered that "someone from the St. Louis City Public Schools" had told the superintendent of the East St. Louis School District, "Don't mess with [Wade-Lemee], she's trouble."

Following defendants' motion to dismiss in part, the district court sua sponte considered application of the Eleventh Amendment, and dismissed the entire complaint based on the conclusion that the Board "is a political sub-division of the State of Missouri." The district court further denied Wade-Lemee's post-judgment motion to reconsider, and this appeal followed.

We find no error in the dismissal of Wade-Lemee's tort claims against the individual defendants in their official capacities. Wade-Lemee complained of conduct which fell squarely within the discretion of the Board members, and they consequently could be liable only if those acts were done in bad faith or with malice. See Charron

v. Thompson, 939 S.W.2d 885, 887 (Mo. 1996) (recognizing officials may be liable for discretionary acts undertaken with bad faith or malice). She did not allege defendants acted in bad faith or with malice, and in fact never alleged that any of the individual defendants made the derogatory statement to the East St. Louis School District.

While it was permissible for the district court to consider sua sponte application of the Eleventh Amendment, see Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (district court may dismiss complaint on its own motion, provided dismissal does not precede service of process on defendant; failure to provide prior notice of such action is not "per se reversible error"), we nevertheless reverse the district court's determination that the Board was entitled to such immunity. The district court did not engage in a traditional analysis of whether the Board was entitled to Eleventh Amendment immunity as an arm of the state. Gorman v. Easley, 257 F.3d 738, 743 (8th Cir. 2001) (in determining the application of the Eleventh Amendment to an agency, courts must consider: "(1) an agency's powers and characteristics under state law; (2) an agency's relationship to the state--its autonomy from the state and degree of control over its own affairs; and (3) whether any award would flow from the state treasury"), rev'd on other grounds, Barnes v. Gorman, 536 U.S. 181 (2002); see also Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 48 (1994) (noting "Courts of Appeals have recognized the vulnerability of the State's purse as the most salient factor in Eleventh Amendment determinations"). This analysis will involve the determination of facts not before this court, and we remand for the district court's consideration of that matter in the first instance.[1] See Greenwood v. Ross, 778 F.2d

---

[1]In Miener v. Missouri, 673 F.2d 969, 980 (8th Cir. 1982), this court held that Eleventh Amendment immunity did not apply to the Board of Education of the Special School District of St. Louis County. It is not clear from the record on appeal whether there are any significant factual distinctions between Miener and this case, but we note that, contrary to the Board's argument, Miener remains good law, see, e.g., EEOC v. Hickman Mills Consol. Sch. Dist. No. 1, 99 F. Supp. 2d 1070, 1080 (W.D. Mo. 2000)

448, 453-54 (8th Cir. 1985) (reversing dismissal, on Eleventh Amendment grounds, of action against University of Arkansas at Little Rock; this court was unable to determine basis of district court's conclusion that Eleventh Amendment immunity applied, because district court's decision was "stated in one conclusory sentence").

Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.[2] We deny the Board's motion to strike portions of Wade-Lemee's appendix as moot.

_____

(citing Miener for proposition that school boards are not entitled to Eleventh Amendment immunity), and appears consistent with the decisions of other circuits, which have almost universally found local school districts are not arms of the state, see, e.g., Febres v. Camden Bd. of Educ., 445 F.3d 227, 229-37 (3d Cir. 2006) (applying three-factor test similar to Gorman's test; holding that school district was not arm of state based on its legal status and autonomy, and lack of evidence that state would be obligated to pay judgment that school district could not pay); Eason v. Clark County Sch. Dist., 303 F.3d 1137, 1141 n.2 (9th Cir. 2002) (collecting cases).

[2]Because we remand for reconsideration of the Eleventh Amendment issue, it is unnecessary for us to determine whether the district court abused its discretion in denying Wade-Lemee's motion to reconsider. See Franklin v. City of Evanston, 384 F.3d 838, 845 n.4 (7th Cir. 2004).