# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2827

_____

Jerome E. Watts-El,     *

                   *

        Appellant,     *

                   *    Appeal from the United States

      v.               *    District Court for the Southern

                   *    District of Iowa.

John Mathes, Warden; Jim Helling,     *

Deputy Warden; John Emmitt,     *        [UNPUBLISHED]

Security Director; Gilbert, Officer,     *

                   *

        Appellees.     *

_____

Submitted: February 5, 2009
Filed: February 10, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Iowa inmate Jerome E. Watts-El (Watts-El) claimed, in relevant part, that defendants denied him court access by destroying his legal papers. See Watts-El v. Mathes, 51 Fed. Appx. 609, 610 (8th Cir. 2002) (unpublished per curiam) (remanding for development of record on denial-of-court-access claim). After an evidentiary hearing in the district court,[1] judgment was

_____

[1]The Honorable Thomas J. Shields, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by

entered in favor of defendants based on evidence that (1) legitimate penological interests in safety, security, sanitation, and space limits supported the prison policy limiting an inmate to two boxes of property; (2) inmates could choose to have any property in excess of the allowable amounts mailed out, donated, or destroyed; and (3) Watts-El did not comply with directives from prison officials which would have afforded him an opportunity to examine and keep some of his property and retain any portion over the limit by mailing it to a relative. The court further stated that Watts-El failed to present sufficient evidence showing the destruction of his property resulted in an actual injury. Watts-El appeals.

Upon careful review, see Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993) (determining that, following a pretrial evidentiary hearing when there has been no jury demand, the district court's factual findings are reviewed for clear error and its legal conclusions de novo), we conclude defendants were entitled to judgment, see Cody v. Weber, 256 F.3d 764, 769 (8th Cir. 2001) (deciding that an inmate's right of access to the courts must be balanced against the institution's legitimate interests); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (concluding a denial-of-court-access claim was meritless where the detainee "failed to allege how he was prejudiced by any of defendants' acts").

We affirm. See 8th Cir. R. 47B. We deny Watts-El's pending motions.

_____

consent of the parties pursuant to 28 U.S.C. § 636(c).