# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3503

_____

| | | |
|---|---|---|
| Vaughn Damon Wilson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Alma City Court; State of Arkansas, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:  April 6, 2010
Filed:  April 12, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Non-prisoner Vaughn Wilson appeals from an order of the District Court dismissing his action under 28 U.S.C. § 1915(e)(2)(B) prior to service of process, even though Wilson was not proceeding in forma pauperis (IFP).  Wilson has also filed a motion for a restraining order.

Upon careful de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we find that the District Court erred in dismissing the complaint under § 1915 because that statute applies only to IFP cases, see 28 U.S.C. § 1915 (limiting application of provision to IFP proceedings); see also Porter v. Fox, 99 F.3d 271, 273 n.1 (8th Cir. 1996) (per curiam) (observing that procedures allowing

dismissal for failure to state a claim under the Prison Litigation Reform Act (PLRA) amendments to § 1915 do not apply to a plaintiff who was neither proceeding IFP nor in prison). In addition, because the period for serving process upon the defendants had not yet expired, dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure was premature. Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding that a district court may dismiss a complaint under Rule 12(b)(6) sua sponte as long as the dismissal does not precede service of process).

Accordingly, we vacate the District Court's order of dismissal and remand the case for further proceedings.[1] We also deny Wilson's pending motion.

_____

_____

[1]We emphasize that our remand should not be construed as questioning the merits of the District Court's Rule 12(b)(6) dismissal, only the timing of that dismissal.